# McCall *v.* Bell Telephone Co., Appellant.

*Workmen's compensation — Master and servant — Independent contractor—Course of employment—Regular course of business— Casual employment.*

A teamster, who owned and drove his own team, working for the defendant company without any contract, but upon an engagement to do any and all work required, under the control of defendant's foreman as to the extent, character and manner of his service was an employee of the defendant and not an independent contractor in contemplation of the Workmen's Compensation Act of 1915.

The casual character of the employment does not remove a contract from the operation of the Workmen's Compensation Act unless the employment is also outside the regular course of the employer's business.

An employee who was skidding poles preparatory to loading them on his wagon, in order to take them to the places where they were to be used by his employer, the defendant telephone company, was engaged in casual employment, but as the employment was in the regular course of the employer's business he was entitled to the compensation allowed by law under the Workmen's Compensation Act of 1915.

Argued April 17, 1922. Appeal, No. 3, April T., 1922, by defendant, from judgment of C. P. Butler County, June T., 1921, No. 38, dismissing appeal from decision of the Workmen's Compensation Board, in the case of Charles Vinton McCall v. The Bell Telephone Company of Pennsylvania. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal, and entered judgment for plaintiff. Defendant appealed.

*Error assigned,* among others, was the judgment of the court dismissing the appeal.

*James O. Campbell,* and with him *C. L. Ritchie,* for appellant.—Plaintiff's employment was casual: Callihan v. Montgomery, 272 Pa. 56; Blake v. Wilson, 268 Pa. 469; Maryland Casualty Co. v. Pillsbury, 172 Calif. 748; Western Union Tel. Co. v. Hickman, 248 Fed. 899.

The work of hauling poles was not the business of the employer, but was merely an incidental and insignificant casual employment: Blake v. Wilson, 268 Pa. 469; Carter v. Industrial Accident Co., 34 Calif. App. 739; 168 Pac. 1065.

*Thomas H. Greer,* and with him *John B. Greer,* for appellee.

OPINION BY GAWTHROP, J., July 13, 1922:

Plaintiff was a teamster who owned and drove his own team and for more than a dozen years had done hauling of various kinds for defendant and others, as occasion arose, at a per diem rate which covered the personal services of himself, the use of the team and other equipment necessary to do the work. Defendant, engaged in furnishing telephone service over its lines, employed plaintiff from time to time to haul telephone poles from its ware room to points along its lines when they were being maintained, repaired and renewed by its own linemen. Plaintiff's work consisted of loading, hauling, unloading and helping to erect and set the poles in place. It was done under the direction of one of the defendant's foremen who told plaintiff what to do from day to day. The foreman and another employee of defendant sometimes helped plaintiff to load the poles and he helped them to raise and set the poles. Plaintiff was not employed for any specified period, but worked when called upon. He was paid for each day or fraction thereof which he worked. He was not carried on the pay roll, but rendered his bills at the end of each week. On January 30, 1919, when the plaintiff had been working daily for about five days, and while engaged in skidding poles pre-

paratory to loading them on his wagon, the breaking of a chain caused the fracture of one of his legs. He claimed compensation, which was awarded him by the referee. The award was sustained by the compensation board. The court below dismissed the appeal on the ground that plaintiff was an employee and not an independent contractor. Whereupon, defendant prosecuted this appeal, contending first, that plaintiff's employment was casual in character and not in the regular course of the business of the employer; and second, that he was an independent contractor. We shall discuss these propositions in their inverse order.

Did the relation of employer and employee, or in other words, master and servant, exist between the parties when the injury complained of was sustained? If it did not, the plaintiff was an independent contractor, and his case does not fall within the protection of the Workmen's Compensation Act of June 2, 1915, P. L. 736. The character of employment of plaintiff has been found by the referee to be that of an employee, and there is ample evidence in the record to sustain the finding. Plaintiff had no contract for the doing of any definite or specific work, but his was merely an engagement to do any and all work which required the use of teams and this under the direction of, and at times with the assistance of, defendant's foreman. It is not a case of letting out work to another without retaining any control over the work, except as to results accomplished, but rather a case of service rendered in the course of an occupation supervised and directed as to means and manners of performance. Defendant's foreman had full control over the extent, character and manner of service rendered by plaintiff. The fact that plaintiff was not carried on defendant's pay roll is without significance. What he drew each week was wages and compensation for the use of his team and not payments on account of a contract price. It is manifest that the relation of plaintiff to defendant was that of employee and not independent con-

tractor.    This conclusion is in harmony with the decision in Smith v. State Workmen's Insurance Fund, 262 Pa. 286, and Kelley v. Del., Lacka. & W. R. R. Co., 270 Pa. 426, wherein is laid down the legal principle which solves the inquiry as to whether one is an employee or an independent contractor.

Plaintiff being an employee, the question remains, was the employment during which he was injured casual in character and not in the regular course of the business of the employer?    Section 104 of the Workmen's Compensation Act of 1915 expressly excludes from the operation of its provisions "persons whose employment is casual in character and not in the regular course of the business of the employer."    The language quoted was interpreted by the Supreme Court in Blake v. Wilson, 268 Pa. 469, in which Justice STEWART said: "We think it apparent that two conditions were in the legislative thought, which, however, because of the conjunction used connecting them, must both concur, neither in itself being sufficient to constitute an exception.    We have then the two conditions to consider: (1) the casual employment; (2) the regular course of the employer's business."    Was the present claimant's employment both casual in character and outside the regular course of the business of the employer?    The expression "casual in character" as used in the statute has a distinct reference to the engagement or contract to render service.    An employee's engagement is casual in character when it comes about by chance and for no fixed duration of time: Blake v. Wilson, supra.    If the hiring be incidental or occasional, for a limited and temporary purpose, though within the scope of the master's business, the employment is casual.    See Callihan v. Montgomery, 272 Pa. 56, and the decisions from other jurisdictions therein cited. When the tests stated in our own cases and those of other jurisdictions are applied to the case at bar, it is found to be one of "employment casual in character,"

But there can be cases in which the employment is in its character casual, and yet in the regular course of the business of the employer. The words "the regular course of the business" can only refer to the experience and custom in the conduct of the business as is of usual, if not daily, occurrence and observation: Blake v. Wilson, supra.

In Callihan v. Montgomery, 272 Pa. 56, defendant, operating an oil well, employed plaintiff's husband, a skilled mechanic engaged in business for himself, to repair an engine used to run a pump under agreement to pay $1.25 an hour for the time required to make the repairs; during the progress of the work, it was found necessary to take the cylinder of the engine to mechanic's shop for reboring. While waiting for a representative of defendant to transport him, he stepped into an adjoining pump house and was caught in the machinery and killed. It was held that the employment was casual and not in the regular course of the business of defendant, the court saying: "the casual employment of one, for the performance of an odd job, may occur in conducting a business and still not be within its regular course. For instance, emergency repair work on a machine used in the operation of a business can always be said to take place in the course of that business, as all machinery, at some time or other, is bound to need repair, but such work if not of a kind usually performed by or under the control of the person conducting the business, would be outside the regular course thereof. The legislature evidently intended, by the use of the words 'regular course,' to give them some definite significance and the most natural meaning is that they refer to the normal operations which regularly constitute the business in question, excluding incidental or occasional operations arising out of the transaction of that business, such as, now and again, repairing the premises, appliances or machinery used therein. While repair work may be considered an important incident to any business using machinery, and,

in some cases, may enter into the customary operations of such a business (for example, when men are engaged as regular employees for the purpose of keeping the machinery in order), yet the repairs we are here considering were no part of the regular course of the business conducted by defendant, which is producing oil; they represent merely an odd job, incidental to that business, but not part of the work ordinarily done by or under the control of the employer in this particular case." After an exhaustive examination of the authorities and in particular the illuminating opinion of Chief Justice MOSCHZISKER in Callihan v. Montgomery, 272 Pa. 56, we are of opinion that we would be going too far to hold that the plaintiff here was not working in the regular course of defendant's business. This was more than an odd job done in conducting defendant's regular business. It was not emergency repair work, but work of a kind usually performed by and under the control of defendant company and not outside the regular course thereof. It was not a mere incidental or occasional operation, but a part of the normal operations which constitute the business of maintaining and operating a telephone line. Defendant kept a supply of poles and other equipment upon its premises. It maintained and repaired its lines with its own forces supplemented by the services of plaintiff from time to time when a team was needed. It is immaterial that plaintiff was not employed regularly and carried on defendant's pay roll if the service he rendered was supplemental to and a material part of defendant's regular and ordinary method of conducting its business, and done under defendant's control. The case must be distinguished by its facts from the line of cases, of which Callihan v. Montgomery is a type, in which the service rendered by the employee was outside the regular course of the business as the defendant conducted it. This leads to the conclusion that the employment of plaintiff was in the regular course of the business of defendant and that the order of the court below was right.

The judgment is affirmed.