## Flaharty *v.* Trout et al., Appellants.

*Workmen's compensation—Employer and employee—Independent contractor.*

1. The relation of employer and employee is equivalent under the Workmen's Compensation Act to that of master and servant.

2. Where control is reserved over the means of performing the work, the relationship is that of employer and employee, and not that of contractor and contractee.

3. The fact that a contract could be terminated at any time by either party is a strong circumstance against the theory of an independent contractor.

4. Where a person, contracting for work to be done by another, retains the right to hire and discharge help, such provision shows an intent to create the relation of employer and employee.

5. That the person to do the work is to be paid by quantity, rather than by the day or hour does not determine the status of the parties.

Argued May 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 48, Jan. T., 1927, by Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., from judgment of C. P. York Co., April T., 1926, No. 144, affirming decision of workmen's compensation board, allowing claim, in case of Goldie Flaharty v. C. M. Trout and Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co. Affirmed.

Appeal from decision of workmen's compensation board allowing claim. Before NILES, P. J.

Decision approved. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co. appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*George R. Geyer,* with him *Allen C. Weist* and *Paul G. Smith,* for appellant.—The right to control the work in progress is the decisive test: Kelly v. R. R., 270 Pa. 426.

Provisions merely for the purpose of guaranteeing ultimate performance do not change the relation from that of contractor to servant: Allen v. Williard, 57 Pa. 374; Wray v. Evans, 80 Pa. 102; Thomas v. Ry. Co., 191 Pa. 361; Simonton v. Morton, 275 Pa. 562; Harrison v. Collins, 86 Pa. 153; Smith v. Ins. Fund, 262 Pa. 286.

*James J. Logan,* with him *Harry M. Brooks* and *John N. Logan,* for appellee.—The referee and the compensation board are the exclusive finders of fact and will not be reversed if there is any competent testimony even though on the same testimony the court below or this court might find different facts or arrived at different conclusions from the facts found: McCarthy v. Ins. Co., 277 Pa. 467; Gray v. Printing Co., 87 Pa. Superior Ct. 302; Soule v. McHenry, 286 Pa. 49; Thomas v. Ins. Fund, 280 Pa. 331.

When the question arises, "Is he an employee or an independent contractor?" each case stands on its own feet and decided cases are of little value.

We cite the following examples, in which the injured person was held not to be an independent contractor: McCall v. Telephone Co., 79 Pa. Superior Ct. 505; Kelley v. R. R., 270 Pa. 426; Pitt v. Dawson, 86 Pa. Superior Ct. 231; Thomas v. Ins. Fund, 280 Pa. 331.

OPINION BY MR. JUSTICE WALLING, June 25, 1927:

On April 29, 1925, Chester Flaharty was accidentally killed while working in the defendant's mill yard and, because thereof, this action was brought by his widow under the Workmen's Compensation Act. The referee's award of compensation was affirmed by the workmen's compensation board and later by the court of common pleas; from which the defendant's insurance carrier

brought this appeal. The only question involved is whether there was any evidence in support of the referee's finding that the relation of employer and employee (equivalent under the statute to that of master and servant: Smith v. State Workmen's Ins. Fund, 262 Pa. 286) existed between the defendant and the deceased. In our opinion the lower court's answer in the affirmative was correct.

It is very earnestly and ably urged for appellant that Flaharty was an independent contractor. He was a resident farmer in York County, but also did team work. The defendant, Trout, who operated a saw mill in the neighborhood, made an oral contract with Flaharty to draw logs from the woods to the mill, at $3 a thousand feet, log measure. The logs, consisting of oak, chestnut and hickory, were cut by defendant and left scattered about the woods where they were gathered up and drawn to the mill by the deceased. The defendant at all times directed the kind of logs to be hauled and when, and often suggested the place where they were to be left in the mill yard. The logs were to be and were drawn in quantities to supply the mill, and in kind to meet defendant's orders for lumber. For example, if he had a bill for oak lumber he would request the deceased to draw in oak logs. It was understood that when more logs were needed than Flaharty, unassisted, could draw, the defendant was to supply and pay for the extra help, without requiring the deceased to employ an extra team or extra men to assist him. The contract was indefinite as to duration and as to the quantity of logs to be moved thereunder; so that it could be terminated by either party at any time,—a strong circumstance against the theory of an independent contractor: 14 R. C. L. p. 72. That Flaharty was paid by the quantity, rather than by the day or hour, did not determine the status of the parties; numerous employees are so paid in factories, mines, etc.

It is not always easy to determine whether a party sustains toward another the relation of a servant or of an independent contractor. The rule as to the latter is stated by Mr. Justice SHAFFER, speaking for the court, in Simonton v. Morton, 275 Pa. 562, 568: "Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one establishing the relation of a contractee and contractor and not that of master and servant." An important element in such case is the right to hire and discharge help, here retained by the defendant should it be necessary. Because of this and the fact that defendant retained the right to determine when and what kind of logs were to be delivered and to end the contract at will, we are not prepared to hold the record devoid of evidence to support the finding of the relation of master and servant. Where control is reserved over the means of performing the work the relationship is that of employer and employee: Kelley v. Del., Lack. & W. R. R. Co., 270 Pa. 427; McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505. The case at bar is not one where the contractor did the work when and as he pleased and was responsible to the contractee only for the result, which is generally regarded as the test of an independent contractor (Colleoni v. Delaware & Hudson Co., 274 Pa. 319; Smith v. State Workmen's Ins. Fund, supra; Miller v. Merritt, 211 Pa. 127; Thomas v. Ry. Co., 191 Pa. 361; Harrison v. Collins, 86 Pa. 153; 31 C. J. 473), and it is not clear that this case falls within any of the so called modifications thereof.

The judgment is affirmed.