## Long et al., Appellant, v. Eastern Paving Co.

164

Argued December 5, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Michael D. Hayes,* with him *Wilson & McAdams,* for appellant.—McLaughlin was a servant and not an independent contractor: McCall v. Tel. Co., 79 Pa. Superior Ct. 505; Flaharty v. Trout, 290 Pa. 315; Robson v. Martin, 291 Pa. 426.

*J. W. McWilliams,* with him *Tustin & Wesley,* for appellee.—The trial court, under the undisputed testimony, could have come to no other conclusion than that McLaughlin was an independent contractor, and not a servant or employee of defendant: Thatcher v. Pierce, 281 Pa. 16; Funston v. Ingenito, 282 Pa. 124; Connor v. McCandless, 84 Pa. Superior Ct. 307.

OPINION BY MR. JUSTICE SADLER, January 7, 1929:

Edna Long, a minor, was standing on the pavement at Fifth and Luzerne Streets, in the City of Philadelphia,

on December 26, 1924. She was injured by a truck of one McLaughlin, which made a sharp turn at the corner, mounted the curb, and struck the plaintiff. He was at the time hauling heated asphalt for the Eastern Paving Company from its plant to a point where street repair work was under way. An action for the damages sustained was brought against the latter corporation, on the theory that McLaughlin was its employee, for whose acts, in the course of his service, the master was liable. Upon completion of plaintiff's case, a compulsory nonsuit was entered. The action of the trial judge was subsequently approved by the court in banc, and judgment entered for the defendant, whereupon this appeal was taken.

The correctness of the conclusion reached must rest on the relation of the parties. If the evidence discloses, without dispute, as we think it does, that McLaughlin was an independent contractor, no recovery against the defendant is permissible, though the negligence of the former be established. On the other hand, if he is to be considered a servant, the master would be liable for wrongful acts committed in carelessly operating the truck. To determine the standing of the respective parties, plaintiff depends on the testimony of the president of the company, and its yard foreman.

Examining what they said, in the light most favorable to the plaintiff, the following facts appear: The paving company was engaged in the resurfacing of city streets, and maintained plants for the heating of asphalt used in connection with its work. The material was removed by conveyances to the desired points. When such hauling was necessary, the paving company made use of the service of various truck owners, including McLaughlin, who from time to time were called by telephone and offered employment. The last named owned one machine, which he kept within his own control, storing it where he desired, paying all expenses incident to its operation, including the cost of oil and gasoline,

and drove in person. He was not carried on the books of the company as an employee, but, when engaged, was compensated in full for the service performed at a fixed rate for each hour of time consumed. If work was undertaken, he received orders from the foreman as to the asphalt to be loaded and taken away, and when he reached the point where the repair work was under way, was instructed as to the place of unloading. At all times he had control of the machine, and its operation, selecting the course over which the trip should be made. He was not subject to any orders of defendant, except as noted, but performed the work contracted for by the means deemed best suited to him. The paving company was interested only in the result to be attained.

In many recent cases, this court has been called upon to determine whether the evidence showed the relation of the parties was that of master and servant, or that arising from an independent contract, and any elaborate discussion of the authorities drawing the essential distinctions between the two kinds of employment is unnecessary. The broad applicable rule has been thus stated: "Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor, and not that of master and servant: Colleoni v. D. & H. Co., 274 Pa. 319, 323. If the hirer is merely interested in the completion of the work, and does not reserve control of the manner of doing it, we find an independent contract: Simonton v. Morton, 275 Pa. 562. The relation of master and servant is not inferable from the reservation of powers which do not deprive the contractor of his right to do the work according to his own initiative, so long as he does it in accordance with the contract: Brooks v. Buckley & Banks, 291 Pa. 1.

The present case is similar in fact to Thatcher v. Pierce, 281 Pa. 16, where a machine, with driver, was

hired on a mileage basis to remove, in his own way, concrete from one point to another, though there the hirer paid the expenses of operation, which was not done in the case before us. It was then held that where one was engaged in the business of hiring, as here, and lets out his truck for hauling purposes, the owner and driver having the sole control of its speed and management, the lessee not interfering with the mechanical operation, though assigning the work to be done, the relation was that of independent contractor.

Other recent cases, cited by appellant, discussing the subject, and reaching the conclusion that the parties were to be considered as master and servant, present distinguishing facts. In Robson v. Martin, 291 Pa. 426, the machine with driver was let by one not in the trucking business, and, while engaged, was entirely under the control of the hirer. The same may be said of Persing v. Citizens Traction Co., 294 Pa. 230, and Milwaukee Locomotive Mfg. Co. v. Point Marion Coal Co., 294 Pa. 238. In Flaharty v. Trout, 290 Pa. 315, a farmer was employed to haul logs, but the hirer reserved the right to furnish extra help to manage the wagon. In McCall v. Bell Tel. Co., 79 Pa. Superior Ct. 505, the trucker was not only required to haul poles under the direction of defendants, but subject to its orders in the digging of holes in which they were to be erected. In all of these cases, the control of the manner of hauling and performing the work was reserved by the employer, the vital element distinguishing the servant from the independent contractor. No such situation appears here, and the court properly held McLaughlin came within the latter class.

In view of the very recent decisions in which the many relevant authorities have been discussed, a further reference to the decided cases is unnecessary.

The judgment is affirmed.