Opinion by
 

 Baldrige, J.,
 

 The only question raised in this appeal in a workmen’s compensation case is whether'Wilfred Shields, the claimant, was an employe of the defendant baking company at the time he was injured, or an independent contractor.
 

 The referee in his sixth finding of fact found that the. claimant was an employe, of the defendant and the board affirmed this finding. Exceptions filed thereto were sustained by the court of common pleas, which held that there was no evidence to support the board’s finding. The claimant appealed.
 

 There is no dispute as to the accident or to the extent of disability resulting therefrom. The testimony disclosed that on the afternoon of January 14, 1939, Shields was at the rear door of his truck engaged in taking bakery products therefrom for delivery to a'customer when one of two other cars involved in a collision ran into the rear of the truck, crushing his right leg necessitating amputation.
 

 The relation between Shields and the defendant company had its inception on October 7, 1933, when they entered into a written agreement wherein he was designated as a “distributor.” It recited that the company was about to assist him in establishing
 
 *457
 
 and building up a certain route over which he was to sell, at retail, and deliver its products in his own equipment. He could handle other lines of goods if not of the same or similar character as that manufactured by the baking company. He was prohibited from disposing of the rights acquired under the agreement or from placing anyone else in charge of the route without the written consent of the company. It reserved the right to take over or subdivide the route at any time. In the former event Shields was not to sell or deliver any bakery products over that route for a period of three years.
 

 Shields confined himself exclusively to the sale of defendant’s products. He made no requisitions for any amount or character of goods which were delivered to him at Philipsburg by the defendant from its plant located at Altoona. At the end of each day he returned the products not sold, for which he would get a credit and would turn in all the cash received for the day’s sales. Once a week he received an envelope from the defendant’s Altoona office containing cash representing his pay computed at twenty per cent of his gross sales for the week.
 

 Deliveries were made in Shields’ truck; the Freihofer Baking Company’s name was painted on the body and the claimant’s name, as distributor, appeared on the door. Shields, in answer to a question whether any instructions were given by the defendant, testified: “We get letters quite often telling us several different things we should do or should not do. Then we are called in for meetings at times.” When cash sales were not up to expectations the company sent out a route foreman to check up and ascertain, if possible, the cause of the deficiency. The claimant’s customers included individual families, retail stores, hotels, restaurants, etc. On his route was one “authorized” charge account, that of the Clarence Corporation, and a number of “unauthorized” charge accounts. The balance
 
 *458
 
 of the goods was sold for cash. The defendant directed that credit be given the Clarence Corporation and its account was paid directly to the company office in Altoona by check, but the claimant delivered the products and received a commission on those sales. He was responsible for credit extended on the “unauthorized” accounts, which the company allowed to remain as long as two weeks without requiring payment.
 

 The “authorized” charge account throws considerable light on the question before us. It indicates quite clearly that the claimant was not selling that customer, at least, on his own account, entirely independent of the defendant company, but was acting for and on its behalf.
 

 Shields had no social security number and was not carried on the records of the company as an employe. While this was a matter to be considered it was not determinative of claimant’s status:
 
 Healey v. Carey, Baxter & Kennedy, Inc. et al.,
 
 144 Pa. Superior Ct. 500, 505, 19 A. 2d 852.
 

 It has been frequently held that the relation of employer and employe exists where the employer has the right to select the employe, to direct both what work he shall do and the manner in which it shall be done, and to remove and discharge him:
 
 McColligan v. Penna. R. R. Co.,
 
 214 Pa. 229, 63 A. 792;
 
 Healey v. Carey, Baxter & Kennedy, Inc. et al.,
 
 supra, 504, and the cases cited therein.
 

 On the other hand, where a contract is entered into and no control is reserved over the means and manner of accomplishment of the work, but merely the result, the employment is an independent one:
 
 Simonton v. Morton,
 
 275 Pa. 562, 119 A. 732;
 
 Gravatt v. State Workmen’s Ins. Fund et al.,
 
 140 Pa. Superior Ct. 435, 437, 14 A. 2d 143;
 
 Balinski et ux. v. Press Publishing Co. et al.,
 
 118 Pa. Superior Ct. 89, 179 A. 897.
 

 The foregoing principles are recognized, by both
 
 *459
 
 parties to this litigation. The difficulty arises in determining their applicability to the facts before us. The case is close enough to give rise to honest differences. After a careful consideration of the issues involved we find ourselves in disagreement with the conclusion reached by the lower court. The testimony indicates that the defendant company did exercise considerable control over the claimant and warranted the finding by the compensation authorities that he was not an independent contractor but an employe.
 

 In
 
 J. G. Leinbach Co. Inc. v. Unemployment Compensation Board of Review,
 
 146 Pa. Superior Ct. 237, 22 A. 2d 57, the question arose as to whether a travel: ing salesman, engaged by a manufacturer to sell clothing on a commission basis within a certain territory at prices fixed by the manufacturer, was an employe or an independent contractor within the Unemployment Compensation Act. We held he was an employe not an independent contractor. There was no greater freedom of action granted, or power given, the salesman than that possessed by Shields. We said, speaking through President Judge Keller, that it is immaterial whether a salesman is paid a salary or commission, or whether he furnishes his own transportation and pays his own expenses, if the employer has the power to control his services and actually exercises it, he is not an independent contractor; that traveling salesmen are to be distinguished from newsboys who buy papers and resell them on their own account
 
 (Balinski et ux. v. Press Publishing Co. et al.,
 
 supra), and lessees of instrumentalities which they operate, such as cabs, etc.
 
 (McColligan v. Penna. R. R. Co.,
 
 supra), and those who purchase their supplies from the manufacturer and sell them to customers and are entitled to keep as their profits all they receive over and above the price paid for it
 
 (Fuller Brush Co. v. Utah Ind. Comm.,
 
 (Utah) 104 P. 2d 201, 129
 
 A. L.
 
 R. 511).
 

 
 *460
 
 This case is readily distinguished from the cases cited by the appellee. For instance in
 
 Gravatt v. State Workmen’s Ins. Fund et al.,
 
 supra, the claimant was a carpenter who took a contract to repair a trestle and employed others to assist him. He clearly was an independent contractor. Each case involving the question whether one is an employe or an independent contractor depends largely upon its own particular facts, and must be decided with reference to the amount of control exercised over the performance of the work, etc., in question. In this case we are all of the opinion that the claimant was an employe.
 

 Reference is made by the appellee to the claimant as a “bobtailer.” That designation does not have any effective significance; it is a very general classification and whatever one may be termed, the ultimate determination of the relationship depends upon the degree of control in any given situation. We feel, therefore, that
 
 Schwarts et al. v. Laundry & Linen Supply Driver’s Union,
 
 339 Pa. 353, 14 A.
 
 2d
 
 438, cited by the appellee, where “bobtailers” were held to be independent contractors rather than employes, is not decisive of the question before us.
 

 The judgment of the court below is reversed and is now entered on the award in favor of the claimant.