Joseph *v.* United Workers Association, Appellant.

Argued December 3, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas E. Comber, Jr.,* for appellant.

*John J. McDevitt, 3rd,* with him *Joseph M. Leib* and *John J. McDevitt, Jr.,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1942:

Philip Joseph, appellee, brought this action in trespass against the United Workers Association, appellant, to recover for personal injuries allegedly sustained by him on August 15, 1939, while he was a paying guest at a summer camp operated by the Association near Sumneytown, Pennsylvania, as the result of his stepping into a hole in the floor of a "hayrack" wagon from which he was alighting following a "hay ride" conducted by the Association as part of the regular activities provided by it, without extra charge, for the diversion of its guests. The trial before the court below and a jury terminated in a verdict for the appellee in the sum of $3,125, whereupon the Association, having requested binding instructions in its favor, which were refused, filed a motion for judgment non obstante verdicto, on the single ground that the driver of the team of horses and wagon used in conducting the ride, one Sopel, who was also owner, was not its servant or agent, but an independent contractor. The court below dismissed the motion, concluding the evidence warranted a finding that Sopel was the Association's servant and not an independent contractor. This appeal, taken from the judgment entered in accordance with the verdict, is to review that conclusion only.

The rules applicable in determining whether, in a given case, the relationship of master and servant or

that arising from an independent contract exists have been broadly stated, as follows: " 'A master is one who stands to another in such a relation that he not only controls the results of the work of that other, but also may direct the manner in which such work shall be done.' 'A servant is one who is employed to render personal services to his employer otherwise than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the latter.' 'The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done, and the way and manner in which it shall be done' ": *McColligan v. Penna. R. R. Co.*, 214 Pa. 229, 232. " 'It is essential to the relation of employer and employee . . . that the employer shall have power and authority to direct and control the acts of the alleged employee. Having this power, the employer must respond; lacking it, he is not to be held accountable. Respondeat superior is the foundation of liability; and if the employer or principal is without power to command or direct the acts of the alleged employee or agent, there is no superior whose duty it is to respond for the acts of an inferior' ": *Eckert v. Merchants Shipbuilding Corp.*, 280 Pa. 340, 349. See also *Cox v. Roehler*, 316 Pa. 417, 419; *Tyler v. McFadden Newspr. Corp.*, 107 Pa. Superior Ct. 166, 171; Restatement, Agency, Section 220. "Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor, and not that of master and servant. . . . The relation of master and servant is not inferable from the reservation of powers which do not deprive the contractor of his right to do the work according to his own initiative, so long as he does it in accordance with the contract": *Long v. Eastern Paving Co.*, 295 Pa. 163, 166. "The very phrase 'independent con-

tractor' implies that the contractor is independent in the manner of doing the work contracted for": *Silveus v. Grossman*, 307 Pa. 272, 278. See also *Colleoni v. D. & H. Co.*, 274 Pa. 319, 323; *Fuller v. Palazzolo*, 329 Pa. 93, 105; *Tyler v. McFadden Newspr. Corp.*, supra, 172; Restatement, Agency, Section 2.

Under all the decisions, the basic inquiry, in ascertaining the character of the relationship, is as to whether the alleged servant is subject to the alleged master's control or right to control with respect to his physical conduct in the performance of the services for which he was employed. As was said in *Eckert v. Merchants Shipbuilding Corp.*, supra (p. 349) : "All other elements, 'even those which are normal and customary incidents of contracts of service, are, in an evidential point of view, material only insofar as they may tend more or less strongly, under the given circumstances, to show that the alleged master exercised control over the alleged servant' ". The precise nature of the relationship, under the evidence, presents a question of fact which it is the exclusive function of the jury to determine, after proper instructions by the court as to the matters of fact to be considered, except where the facts are not in dispute and the evidence is direct and certain, presenting no question of credibility and leaving no sufficient ground for inconsistent inferences of fact. See *Eckert v. Shipbuilding Corp.*, supra, 351; *Campagna v. Ziskind*, 287 Pa. 403, 408; *Burns v. Elliott-Lewis Elec. Co.*, 118 Pa. Superior Ct. 243, 249.

In the present case, the evidence is that either the camp manager or one Rotstein, a paid employee in charge of recreational activities, arranged with Sopel, a nearby farmer, to have the wagon at the camp, loaded with hay, at a specified hour. According to the testimony of Rotstein, he accompanied the driver and was in direct supervision of the ride. He directed Sopel as to when he should start and stop, how long he should take, where he was to go, and whether he was to go fast or slow. He also

supervised and directed the loading and unloading of the guests. Sopel, called as a witness for the Association, stated that no instructions were given him as to what he was to do in driving the horses, but admitted that on the evening of appellee's injuries he was told to drive through the woods, so that the guests could look at the trees and flowers. Sopel was paid the small sum of one dollar for the trip, which was conducted entirely on camp property. Viewing this evidence in the light most advantageous to appellee, and giving him the benefit of every inference of fact favorable to his contentions which may legitimately be deduced from it, as we are bound to do in view of the verdict in his favor (*Thatcher v. Pierce*, 281 Pa. 16, 18), we are convinced, like the court below, that there is adequate support in the record for a finding that Sopel was the servant of appellant Association and subject to its control at the time of appellee's injuries.

A factual situation was presented in *Flaharty v. Trout*, 290 Pa. 315, which we deem substantially similar in its legal aspects to the case in hand. There a farmer, who also did teamwork, was employed to haul logs which had been previously cut by defendant, to defendant's sawmill at a fixed rate per thousand feet. The defendant directed the kind of logs to be hauled, when they were to be hauled, and often suggested the place where they were to be left in the mill yard. It was understood that if more logs were needed than the teamster could draw, unassisted, the defendant was to supply extra help, but it does not appear that such assistance was ever necessary. This court refused to hold the record devoid of evidence to support a finding that the relation of master and servant existed under these circumstances, saying (p. 318) : "The case at bar is not one where the contractor did the work when and as he pleased and was responsible to the contractee only for the result, which is generally regarded as the test of an independent contractor." Another case directly in point is *McCall v. Bell Telephone*

*Co.,* 79 Pa. Superior Ct. 505, where the relationship of master and servant, rather than that of contractor and contractee, was held to exist between a telephone company and a teamster who was engaged to haul poles, using his own team, from the company's warehouse to points along its lines under the direction of, and sometimes with the assistance of, a company foreman. The court there said (p. 507) : "It is not a case of letting out work to another without retaining any control over the work, except as to results accomplished, but rather a case of service rendered in the course of an occupation supervised and directed as to means and manners of performance." Our conclusion is likewise in harmony with the decisions in *Robson v. Martin,* 291 Pa. 426, and *Persing v. Citizens Traction Co.,* 294 Pa. 230.

It is of course true, as stated in *Tyler v. McFadden Newspr. Corp.,* supra (p. 172), that "Ordinarily, draymen, truckmen, carters, etc., are regarded as independent contractors." See also *Wright v. A. & S. Wilson Co.,* 83 Pa. Superior Ct. 487, where the following appears (p. 489) : "The direction to one engaged in 'general hauling' to haul property to or from a specified place does not change the nature of, or convert a special employment into the general relation of master and servant; a man does not become answerable for the negligence of a taxi-cab driver, or of a carrier merely by specifying where he wishes to get or to have his property delivered." But these cases and other like cases are not controlling in determining the relationship involved in a situation such as is here presented, where the hiring is not part of the regular business of the owner of the team or vehicle, who is temporarily engaged in hauling for another and, while so engaged, is entirely under the control of the hirer. See *Thatcher v. Pierce,* supra, 21; *Long v. Eastern Paving Co.,* supra, 167.

Judgment affirmed.