Felten *v.* Mellott et al., Appellants.

Argued March 25, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS. J., absent.)

*T. Dean Lower,* with him *Alvin L. Little* and *Paul E. Beaver,* for appellants.

*Paul Andrews Koontz,* for appellee.

OPINION BY FINE, J., July 15, 1949:

The sole question in this workmen's compensation case is whether there is substantial and competent evidence sufficient to support the findings of the compensation authorities that deceased, Ross Felten, was an employe of the defendant and not an independent contractor. The referee and the board both concluded that deceased was an employe and an award of compensation was made in favor of Hazel Felten, deceased's widow. The court below affirmed the findings of the board and entered judgment on the award. The employer and his insurance carrier now appeal complaining that the record is "completely barren of any competent evidence" to support such findings; that on the contrary deceased was an independent contractor at the time of his fatal injuries.

H. B. Mellott, employer, was engaged in a coal stripping operation at Broadtop, Bedford County, Pennsylvania, and owned several trucks used to haul coal from a loading shovel to a loading ramp. These trucks were

operated by "permanent" employes of Mellott. The haul-
ing of coal was, therefore, an integral part of the em-
ployer's business of coal stripping. Mellott also employed
additional trucks with operators, and paid compensa-
tion therefor on an hourly basis for truck and driver.
On June 24, 1946, the date on which fatal injuries were
sustained, and for approximately two years prior thereto,
deceased had hauled coal for the employer from this
coal stripping operation to a loading ramp. Deceased
furnished his own truck which he himself operated at
all times; he paid for his own gasoline, oil, repairs, stor-
age and all other expenses incident to the maintenance
and ownership of his truck. The hours of employment
were the same for all truck drivers. When there was no
available work for the employes driving employer-owned
trucks they were usually assigned to other duties or
laid off for short periods of time.

In regard to the nature and character of deceased's
employment, Raymond Long, one of the "permanent"
truck drivers, testified that deceased was supervised by
Mr. Leedy, the employer's superintendent; that deceased
"hauled coal the same as the other trucks did. Q. The
same as you did? A. Yes. Q. From where? A. From the
top of the mountain to the ramp where they shipped it";
that deceased performed the duties of hauling coal "just
the same as we were" and under the same supervision.
The referee found that deceased: ". . . was told by the
Defendant to report at the coal stripping operation at
seven o'clock in the morning, was directed to one of
seven shovels in operation, and was directed to which
loading ramp to haul the coal. Thereafter he continued
to haul coal during the normal working day . . . under
the same supervision as the Defendant's own trucks and
truck drivers. He worked regularly when there was
work available, although there were a few occasions
when he left the job before the designated quitting time."
These findings were affirmed by the board.

The vital test in determining whether a workman is an employe of the person who engages him for the work is whether he is subject to the latter's control or *right of control,* not only with regard to the work to be done but also with regard to the manner of performing it. *Thomas v. Bache,* 351 Pa. 220, 40 A. 2d 495. The distinguishing criterion is the means of accomplishing the result. "Where control is not reserved over the means, the relationship is that of independent contractor, and conversely where such control is reserved, the relationship is that of servant or employee": *Kelley v. Delaware, Lackawanna & Western Railroad Co.,* 270 Pa. 426, 429, 113 A. 419. The Workmen's Compensation Act, 77 PS §§21, 22, declares the terms "employer" and "employe," as there used, to be synonymous with "master" and "servant." "The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done, and the way and manner in which it shall be done": *McColligan v. Pennsylvania R. R. Co.,* 214 Pa. 229, 232, 63 A. 792; Restatement, Agency, §220.

Here, the employer was engaged in hauling coal from his shovels to loading ramps and actively supervised such hauling or did so through his superintendent. Deceased performed precisely the same kind of work as the "permanent" truck drivers; he reported for work the same as other truck drivers; the hours of work were the same and all other conditions of employment were the same with the exception that during slack periods his employment first became unsteady and irregular.

In *McCall v. Bell Telephone Co.,* 79 Pa. Superior Ct. 505, 507, a similar situation was present where a teamster together with his team was engaged to work for an employer. The Court there said: "The character of employment of plaintiff has been found by the referee to be that of an employee, and there is ample evidence in

the record to sustain the finding. Plaintiff had no contract for the doing of any definite or specific work, but his was merely an engagement to do any and all work which required the use of teams and this under the direction of, and at times with the assistance of, defendant's foreman. It is not a case of letting out work to another without retaining any control over the work, except as to results accomplished, but rather a case of service rendered in the course of an occupation supervised and directed as to means and manners of performance. Defendant's foreman had full control over the extent, character and manner of service rendered by plaintiff. The fact that plaintiff was not carried on defendant's pay roll is without significance." Cf. *Joseph v. United Workers Assn.*, 343 Pa. 636, 23 A. 2d 470; *Flaharty v. Trout*, 290 Pa. 315, 138 A. 863; *Robson v. Martin*, 291 Pa. 426, 429, 140 A. 339.

Appellants argue that since Felten operated his own truck, controlled the degree of care in its operation, i. e. the speed and manner of driving, and furnished the gas, oil, upkeep and storage, the only direction or supervision the employer exercised over deceased was in designation of places from which and to which the coal was to be hauled. The difficulty with appellant's contention is that there is evidence, recited supra, from which the compensation authorities could properly find and did find that (1) the employer through his superintendent not only actively supervised the work of deceased but that (2) the employer possessed the right to control the manner and means by which the haulage of coal was to be accomplished. Mellott, the employer, also had the right to select the employe, had the power to remove and discharge him which was done periodically when work was unavailable, and finally had the right to direct both what work was to be performed and the way and manner in which it was to be done. The employer was engaged not only in the mining of coal but also in

the hauling of coal; in the latter operation the deceased did precisely the same work under the same supervision as the employer's "permanent" employes,[1] which supervision embraced full control over the extent, character and the manner of service rendered; Mellott could have terminated Felten's employment at any time without responding to him in damages. Cf. Lang v. Hanlon, 305 Pa. 378, 157 A. 788. As the learned court below aptly observed: "He was at all times subject to Mellott's control, or right of control, not only with regard to the work to be done, but also with regard to the manner of doing it. Mellott could stop the operation or discharge Felten at any time."

We conclude therefore that there is substantial and competent testimony sufficient to support the findings of the compensation authorities and such findings, therefore, will not be disturbed on appeal. Cimo v. State Workmen's Ins. Fund, 133 Pa. Superior Ct. 51, 1 A. 2d 919. More especially is this true where, as here, the testimony adduced is conflicting on the pivotal issue. In such circumstances it is for the compensation authorities to resolve the conflict in the testimony. Coleman v. Fischer, 164 Pa. Superior Ct. 261, 265, 63 A. 2d 687; Moore v. Hunt Mining Co., 163 Pa. Superior Ct. 94, 99, 60 A. 2d 560. As was said in Thomas v. Bache, 351 Pa. 220, 223, 40 A. 2d 495, "The rule of policy is: '. . . neither the compensation authorities nor the courts should be solicitous to put claimants in that position [of an independent contractor] when a reasonable view of the evidence warrants a finding that the injured person was an employee': Gailey v. State Workmen's Insurance Fund, 286 Pa. 311, 314; . . . Myers v. Maurer & Myers, 144 Pa. Superior Ct. 385."

Judgment affirmed.

---

[1] Healey v. Carey, Baxter & Kennedy, Inc., 144 Pa. Superior Ct. 500, 19 A. 2d 852, relied upon by appellant, is distinguishable on the facts.