## Black v. City of Lancaster et al.

*Arnold, Bricker & Beyer*, for appellant.

*B. M. Zimmerman* and *Paul A. Mueller*, contra.

WISSLER, J., August 4, 1950.—Joseph B. Black, plaintiff, brought an action in trespass against the City of Lancaster, Pa., a municipal corporation, and George H. Ritnour, defendants, to recover property damages alleged to have resulted out of the same accident as in the suit of Kenneth C. Plewes against same defendants to August term, 1949, no. 9. Plaintiff in this case was a coöwner of a one-half interest in the same airplane involved in the accident. He, however, was not present in the plane. The motion for compulsory nonsuit as against him is based on the fact that he was a coöwner with Plewes, the other plaintiff, who at the time of the collision was on a joint mission of both the coöwners.

The evidence clearly showed that the plane was owned by Joseph B. Black, present plaintiff, with Kenneth C. Plewes, the other plaintiff, for pleasure only. The evidence further disclosed that when Plewes, the coöwner, left Dayton, Ohio, he, Joseph B. Black, had discussed the possibility of his coming to Lancaster to get a new propeller or one in exchange at Sensenich Brothers' propeller plant at Lancaster.

Mr. Black in direct examination testified:

"(Q) Did you know that the airplane was going to stop at Sensenich's on this trip? (A) Mr. Plewes and I had discussed it. It was not necessarily affirmed. It depended somewhat on the weather and the conditions of the pleasure trip to Philadelphia. (Q) He had taken the plane for a pleasure trip with his wife? (A) Yes, sir."

The negligence of Plewes, the pilot and coöwner of the plane, could only be imputed to Black if a master and servant relationship or agency existed, or the operation was in furtherance of partnership business: Watkins et ux. v. Overland Motor Freight Company, Inc., 325 Pa. 312 (1937); Joseph v. United Workers Association, 343 Pa. 636 (1942). Upon a further ex-

amination of the testimony, the court feels the evidence is not such as to establish the master and servant or agency relationship as a matter of law.

The same facts and question of law as to defendants' negligence are involved in this case as in the suit of Kenneth C. Plewes v. The City of Lancaster, and George H. Ritnour, to August term, 1949, no. 9.

And now, August 4, 1950, for the reasons set forth in this opinion, and the opinion as to the question of defendants' negligence this day filed in the case referred to, the rule to show cause why judgment of compulsory nonsuit should not be stricken off is sustained.