Hanst, Appellant, *v.* Swartzfager.

Argued November 14, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*H. Ray Pope, Jr.,* for appellant.

*David W. Ketler,* with him *John V. Wherry,* for appellee.

OPINION BY DITHRICH, J., January 17, 1952:

In this workmen's compensation case the referee, the Board and the Court of Common Pleas have all ruled against the claimant on the ground that he was not an employe of defendant but was an independent contractor at the time he was injured. The facts, all of which were put into evidence by claimant, the defendant not having offered any testimony, are, as gleaned from the opinion of the Board, substantially as follows. Claimant, a farmer, was the owner of a truck equipped with a winch. It was for hire by the public at the rate of $4 an hour, the owner driving it himself and furnishing the oil and gas, and was used mostly in the oil fields of Clarion County and vicinity.

On June 1, 1948, defendant, a drilling contractor, telephoned claimant, as he frequently had occasion to do, and arranged for him to move an oil rig the following day on a lease of the Dundee Gas Company which defendant was operating. After claimant had finished moving the rig, which took him about half the day, he was requested by defendant to take a stem to Brookville, Jefferson County, adjacent to Clarion County, to a repair shop and to bring back a load of pipe. He was told by defendant to bill him for moving the rig and to bill the Dundee Gas Company for the trip to and from Brookville. He furnished claimant with a helper, for he knew that one would be needed in loading and unloading the estimated 600 feet of pipe (actually 606 feet) in lengths of 20 to 25 feet, each weighing between 22 and 24 pounds per foot. While unloading the pipe one of the casings rolled off the truck and struck claimant, breaking his legs and totally disabling him up to April 13, 1949, the time of hearing before the referee.

While an appeal was pending from the order of the referee disallowing compensation, claimant petitioned

the Board for a rehearing to afford him an opportunity to call the defendant as a witness. The petition was granted and a rehearing had, at which the defendant was called by claimant as for cross-examination. Every consideration was shown claimant by the compensation authorities, but his case was not helped in any way by the cross-examination of defendant.

The burden of appellant's complaint is that the referee erred in finding as a fact that "At the time of the accident claimant was not an employe of . . . [defendant], but was an independent contractor. The relationship of master and servant or employer and employe did not exist between . . . [them]."

Upon reviewing the undisputed evidence and applying all the well-established tests to determine whether claimant had met the burden of proving that he was an employe (*Thomas v. Bache,* 351 Pa. 220, 40 A. 2d 495), we do not see how the referee could have made any finding other than that he was not an employe or come to any conclusion other than that, as an independent contractor, he was not entitled to compensation. " 'The vital test in determining whether a workman' is a servant of the person who engages him for the work 'is whether' he is 'subject to' the latter's 'control or right of control not only with regard to the work to be done but also with regard to [the] manner of performing it': Venezia v. Phila. Elec. Co., 317 Pa. 557, 177 A. 25" : *Thomas v. Bache,* supra, p. 229. Here the referee found that the truck was not only owned and operated by the claimant but that "it . . . [was] in his possession and *control* at all times." (Emphasis added.)

The case differs in that respect from *Felten v. Mellott,* 165 Pa. Superior Ct. 229, 67 A. 2d 727, where we quoted with approval (p. 234) the statement of the court below that " 'He [claimant] was at all times subject to Mellott's control, or right of control, not only

with regard to the work to be done, but also with regard to the manner of doing it. Mellott could stop the operation or discharge Felten at any time.'"

Claimant's brief of argument contains the following reference to the *Felten* case: "In that case the employee, 'operated his own truck, controlled the degree of care in its operation, i.e. the speed and manner of driving, and furnished the gas, oil, upkeep and storage, (*and*) the only direction or supervision the employer exercised over deceased was in designation of places from which and to which the coal was to be hauled.'" (Emphasis added.) The complete sentence from which that excerpt was taken, as it appears in our opinion on page 233, is as follows: "*Appellants argue that since Felten* operated his own truck, controlled the degree of care in its operation, i.e. the speed and manner of driving, and furnished the gas, oil, upkeep and storage, the only direction or supervision the employer exercised over deceased was in designation of places from which and to which the coal was to be hauled." (Emphasis added.) Claimant in his quote omitted "*Appellants argue that since Felten*" and inserted "(and)" for the apparent purpose of making it appear that we upheld appellants' argument that "the only direction or supervision the employer exercised over deceased was in designation of places from which and to which the coal was to be hauled." (Emphasis added.) Had we done so, we would have reversed rather than affirmed the judgment of the court below. But, to continue that part of the opinion which claimant conveniently omitted from his brief, we said (pp. 233-234): "The difficulty with appellants' contention is that there is evidence, recited supra, from which the compensation authorities could properly find and did find that (1) the employer through his superintendent not only actively supervised the work of deceased but that (2) the employer possessed the right to control the

manner and means by which the haulage of coal was to be accomplished. Mellott, the employer, also had the right to select the employe, had the power to remove and discharge him which was done periodically when work was unavailable, and finally had the right to direct both what work was to be performed and the way and manner in which it was to be done. The employer was engaged not only in the mining of coal but also in the *hauling of coal;* in the latter operation the deceased did precisely the same work under the same supervision as the employer's 'permanent' employes, which supervision embraced full control over the extent, character and the manner of service rendered; Mellott could have terminated Felten's employment at any time without responding to him in damages." In that case not only on the date on which the employe sustained fatal injuries but *"for approximately two years prior thereto,* deceased had hauled coal for the employer." (Emphasis added.)

Finally, it is the contention of claimant that "The Opinion of the Supreme Court . . . in Flaharty v. Trout, 290 Pa. 315 . . . controls the instant case." In that case Flaharty and Trout entered into an oral contract for the hauling of logs to the defendant's mill yard, a contract which the Supreme Court said (p. 317) "was indefinite as to duration and as to the quantity of logs to be moved thereunder; so that it could be terminated by either party at any time,—a strong circumstance against the theory of an independent contractor: 14 R. C. L. p. 72."

*Long v. Eastern Paving Co.,* 295 Pa. 163, 145 A. 71, an action in trespass for personal injuries, is very much in point with the instant case on the question of master and servant or employer and employe, synonymous terms within the meaning of the Workmen's Compensation Act. In that case a truck owner, who drove his own truck, was engaged in hauling asphalt

for the defendant company from its plant to a point where street repair work was under way when the accident occurred. An action for damages was brought against defendant on the theory that the truck driver was its employe. Upon completion of plaintiff's case a compulsory nonsuit was entered, which the court subsequently refused to take off. On appeal the Supreme Court affirmed the judgment of the court below on a state of facts, the salient features of which appear in the syllabus: "A driver of a truck engaged to do hauling, is an independent contractor where *it appears that he owned the truck which he drove himself,* and *kept [it] within his own control,* storing it where he desired, *paying all expenses incident to its operation, including the cost of oil and gasoline,* that he *was paid at a fixed rate for each hour of time consumed,* and that he *was not subject to orders of the employer, except as to the place of loading and unloading.*" (Emphasis added.)

Judgment affirmed.