## Eggelton *v.* Leete et al., Appellants.

Argued April 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Irwin M. Ringold,* with him *John A. Duvall,* for appellants.

*James S. Berger,* for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

The sole question in this workmen's compensation case is whether the claimant, Horton C. Eggelton, was defendant's employe at the time of the accident or an independent contractor. The board held that he was an employe, the lower court affirmed, and the defendant, Tom W. Leete and his insurance carrier, Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company have filed this appeal.

On October 3, 1955, the claimant was injured while working as a wood cutter in the woods and suffered a compound dislocation of the astragalus and a fracture of the ankle. The defendant was engaged in the operation of a saw mill and the manufacture of lumber in Potter County. The claimant, knowing that a Howard Glenn owned a tract of timber land, contacted defendant to purchase the salable timber. As a result of the meeting arranged by claimant, Glenn agreed to and did sell to defendant the salable timber provided claimant was employed by defendant in cutting and skidding the logs. Defendant agreed to this and also agreed to pay claimant $10.00 per thousand feet of timber cut plus an additional $10.00 for each thousand feet of timber skidded by him to the roadside. Defendant on the same day went with claimant and marked the trees that he wanted cut and directed claimant to cut the oak logs in 14 feet lengths and the ash logs in 10.5 feet lengths. Claimant began his work as soon as defendant had another construct a road. On the fifth day of the cutting operation, he became injured as a result of a tree which sprang back after cutting.

The referee held that claimant was an independent contractor and was not, therefore, entitled to compensation. This conclusion was reversed by the board on appeal. The defendant thereafter filed an appeal to the Court of Common Pleas of Potter County where the action of the board was affirmed.

It is admitted that claimant was hired to cut and skid the timber because he was an experienced woodcutter. In connection with this work, claimant was to furnish his own power saw and his own team of horses to skid the logs. He was paid on the basis of the number of feet of logs cut and the testimony developed the claimant was paid $100.00 in December, 1955, when he estimated that he had cut 10,000 feet of timber. However, the claimant was to cut only those trees which were designated by the defendant and he was to cut, either until the logs were exhausted or the defendant told him to stop. Claimant testified that it was his understanding that he could be discharged at any time his work did not suit defendant. Defendant denied this and stated he had no supervision over the manner of cutting. He further stated that there were no deductions of any kind from the $100.00 paid to claimant. Defendant further testified that on all of his logging operations, his arrangements were made with independent contractors who had written contracts but that in this case the contract was oral. The road to be used to haul out the logs was built by defendant and not claimant, and defendant was to pay the owner of the tract of land only for those logs hauled to the mill.

It is well settled that the designation given a claimant by an alleged employer is not conclusive as to whether he is an employe or an independent contractor. *Feller v. New Amsterdam Casualty Company,* 363 Pa. 483, 70 A. 2d 299. Likewise, the method of pay-

ment for his services is not determinative. *Gadd v. Barone,* 167 Pa. Superior Ct. 477, 75 A. 2d 620; *In re Blum Unemployment Compensation Case,* 163 Pa. Superior Ct. 271, 60 A. 2d 568. Nor is the fact that no provision was made for the deduction of social security or income tax determine the status. *Stevens v. Publishers Agency et al.,* 170 Pa. Superior Ct. 385, 85 A. 2d 696; *Shields v. William Freihofer Baking Company,* 147 Pa. Superior Ct. 455, 24 A. 2d 54.

The employe's relationship must be determined from the peculiar facts of each case. *Stevens v. Publishers Agency et al.,* supra. And the fact that a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance does not preclude a master and servant relationship. *Potash v. Bonaccurso,* 179 Pa. Superior Ct. 582, 117 A. 2d 803. The most salient facts in this case to determine the status appear to be the limitation as to what trees were to be cut, the size to which the logs were to be cut and the fact that the cutting was to continue until either all the logs were exhausted or the defendant told claimant to stop. If claimant were an independent contractor, defendant could not retain the right to stop the cutting of trees nor could defendant, so far as the claimant was concerned, limit the compensation to the logs actually cut and hauled to the mill. If the owner of the tract involved could be limited in his payment, the claimant could be limited as to what to cut and what not to cut and how much to cut.

We have said that the vital test in determining whether a workman is a servant of the person who engaged him for work is whether he is subject to the latter's control or right of control not only with regard to the work to be done but also with regard to the manner of performing it. *Hanst v. Swartzfager,* 170 Pa.

Superior Ct. 219, 85 A. 2d 639. And it is not the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one an employe rather than an independent contractor. *Stevens v. Publishers Agency et al.,* supra. We find that there existed the right or authority to control in this case which tips the status scale to that of an employe. Neither the workmen's compensation authorities nor the courts should be solicitous to put injured workmen in a position of independent contractors when a reasonable view of the evidence warrants finding that they were employes. *Bogan v. Smoothway Construction Co.,* 183 Pa. Superior Ct. 170, 130 A. 2d 207; *Felten v. Mellott,* 165 Pa. Superior Ct. 229, 67 A. 2d 727.

Judgment affirmed.

RHODES, P. J., and HIRT, J., dissent.