433 A.2d 86

Edward COHEN

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY

and

Fireman's Fund Insurance Companies.

Appeal of GOVERNMENT EMPLOYEES
INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed July 31, 1981.

David M. McCormick, Philadelphia, for appellant.

Paul Mark Perlstein, Philadelphia, for Cohen, appellee.

Louis E. Bricklin, Philadelphia, for Fireman's Fund, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, Civil Division, which dismissed appellant's objections to the form of action of appellee, Edward Cohen, and entered judgment against the appellant, Government Employees Insurance Company.

It appears that the appellee, Edward Cohen, was allegedly injured while operating a United Cab which became involved in a motor vehicle accident on December 7, 1977. Mr. Cohen brought an action by petition in the Common Pleas Court of Philadelphia against Fireman's Fund Insurance Companies and Government Employees Insurance Company seeking basic loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act for his medical bills and wage loss.

Both insurance companies filed answers to the petition. Government Employees Insurance Company also filed new matter, a motion to strike, and a counterclaim. In the

motion to strike and the new matter, Government Employees Insurance Company contended that the petition was in violation of the Pennsylvania Rules of Civil Procedure and the Constitutions of Pennsylvania and the United States.

The depositions of Rocco Olivieri, Samuel Skolnick and Edward Cohen were conducted on September 27, 1979. On November 20, 1979, oral argument on the petition was held before the Honorable Ethan Allen Doty. On January 23, 1980, Judge Doty issued an order requiring Government Employees Insurance Company to pay Mr. Cohen's economic losses and this appeal followed in due course.

At the time of the accident in question, the United Cab which Mr. Cohen was operating carried a policy of insurance with the Fireman's Fund Insurance Company. The policy issued by Fireman's Fund included provisions for basic loss benefits as required by the Pennsylvania No-fault Motor Vehicle Insurance Act.

Mr. Cohen carried insurance on his personal vehicle with Government Employees Insurance Company. The terms of that policy also provided for basic loss benefits required under the Pennsylvania No-fault Motor Vehicle Insurance Act.

The United Cab which Mr. Cohen was operating was owned by Rocco Olivieri and Samuel Skolnick. Mr. Olivieri and Mr. Skolnick were partners. Mr. Olivieri and Mr. Skolnick were solely responsible for the repair and maintenance of the cab. Mr. Cohen's shift was determined by the agreement of Mr. Olivieri and Mr. Skolnick. The names Skolnick and Olivieri were painted on the side of the cab. Mr. Cohen operated the cab only on that shift which would normally be Mr. Olivieri's.

Rocco Olivieri had been a draftsman prior to his purchase of a half interest in the cab in question. Mr. Olivieri operated the cab himself during the period of time that he was out of work as a draftsman. When Mr. Olivieri returned to work as a draftsman it was necessary for him to obtain someone else's services to cover his shift on the cab.

Mr. Cohen entered into a verbal agreement with Mr. Olivieri with regard to operating the cab. The agreement required Mr. Cohen and Mr. Olivieri to split the income generated from the fares received by the cab and to split the cost of the gas to operate the cab.

■ The appellee began this action by petition rather than by Summons or Complaint in assumpsit as provided by the Pa. Rules of Civil Procedure. This practice started in Philadelphia County and has been approved by the courts of that county as a means of expediting disposition of disputes under the Pennsylvania No-fault Motor Vehicle Insurance policies. We find no provision in the No-fault Act, *40 P.S. 1009.101*, et seq., which repeals or abrogates the Pa. Rules of Civil Procedure nor the right to trial of contract disputes. Delays in payment not justified are penalized by a substantial interest charged on such payments.

Appellant raised objection to the form of the action in its answer to the petition, the only reasonable way to do so. The proceedings here are not as one before an administrative agency where procedural regulations may be promulgated by the agency. The petition should have been dismissed as not conforming to *Pa. R. Civil Pro. 1007.*

However, depositions were taken and all parties had an opportunity to cross examine the deposed parties, and to present what witnesses were available to them, all of which is a part of this record.

■ The issue on which this matter hinges is whether or not appellee, Edward Cohen, was an employee or an independent contractor. This is a question of law for the court to determine, and the court below found him to be an independent contractor.

In *Eggelton v. Leete*, 186 Pa.Super. 542, 142 A.2d 777 (1958), this Court discussed the law in question and stated:

"It is well settled that the designation given a claimant by an alleged employer is not conclusive as to whether he is an employee or an independent contractor. *Feller v. New Amsterdam Casualty Company*, 363 Pa. 483, 70 A.2d

299.  Likewise, the method of payment for his services is not determinative.  *Gadd v. Barone*, 167 Pa.Super. 477, 75 A.2d 620; in *Ray Blum Compensation Case*, 163 Pa.Super. 271, 60 A.2d 568.  Nor is the fact that no provision was made for the deduction of Social Security or Income Tax determinative of the status.  *Stevens v. Publishers Agency, et al.*, 170 Pa.Super. 385, 85 A.2d 696; *Shields v. William Freihofer Baking Company*, 147 Pa.Super. 455, 24 A.2d 54.

"The employee's relationship must be determined from the peculiar facts of each case . . . and the fact that a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance does not preclude a master and servant relationship.  *Potash v. Bonaccurso*, 179 Pa.Super. 582, 117 A.2d 803.

"We have said that the vital test in determining whether a workman is a servant of the person who engaged him for work is whether he is subject to the latter's control or right of control not only with regard to the work to be done but also with regard to the manner of performing it.  *Hanst v. Swartzfager*, 170 Pa.Super. 219, 85 A.2d 639.  And it is not the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one an employee rather than an independent contractor."

In this case, Cohen was an experienced cab driver, a union member who paid his own dues, he controlled his own hours, routes and manner of operation; kept all tips and paid his own taxes, etc.  We agree with the court below that regardless of what Cohen believed himself to be, he was an independent contractor.  In their oral hiring agreement the cab owner reserved to himself only the right to terminate the agreement.

In view of the above we affirm the finding of the court below that the appellee was an independent contractor but

reverse the order dismissing appellant's motion to strike the petition as an improper pleading.

Petition dismissed without prejudice.

PRICE, J., concurs in the result.