# Cimo *v.* State Workmen's Insurance Fund et al., Appellants.

Argued April 19, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadt-feld, Parker, James and Rhodes, JJ.

*John T. J. Brennan,* with him *Charles J. Margiotti,* Attorney General, and *S. H. Torchia,* for appellant.

*H. A. Englehart,* for appellee.

Opinion by Keller, P. J., July 15, 1937:

We are all of opinion that there is no evidence in the record to support the award on which the judgment appealed from is based.

The question of fact involved is whether the claimant at the time he received his injury was an employee of Red Top Coal Company, within the intendment of the Workmen's Compensation Act, or an independent contractor hauling coal for the coal company. The testimony in the case is rather meager and does not go to the real point in controversy. It consists largely of conclusions rather than statements of facts. For example, the claimant testified he was "working for the Red Top Coal Company", but failed to set forth the facts in connection with his engagement to work. Of course, he was working for the Red Top Coal Company, but the important question was whether he was working as an employee or as an independent contractor; whether the relation between them was that of master and servant or the special employment of a contractor. If the former he was entitled to compensation; if the latter, he was not.

We think the ends of justice require that this case be sent back to the board that testimony may be taken of the circumstances attending his engagement to haul coal for the coal company; what was said by the respective parties when the engagement was made, rather than the claimant's conclusion as to its effect; whether claimant, at the time, was a common carrier, with a certificate of public convenience from the Public Service Commission; whether during the period from December 28, 1934 to February 1, 1935 he hauled for other persons, and if so, for whom, on what days, and terms, and how he was paid. Apparently he hauled for the coal company only eight days, during the period from December 28, 1934 to February 1, 1935, for which, for

the use of his truck and his own labor, — counting each 50%—he received credit in coal, at the rate of $1.10 to $1.25 for each ton of coal hauled, totalling $58.22 for the period. This would seem to indicate hauling by the ton, as a contractor, rather than as an employee. Also, it should be determined whether, during this time, he sold and delivered to other persons the coal he received as compensation for hauling for the Red Top Coal Company. The direction and control, if any, retained by the coal company when he was hauling for it, should likewise be inquired into, and any other relevant matters from which the claimant's status at the time of his injury may be determined, so that a result may be attained which is fair and just to all parties.

In this connection, and for the guidance of the board in arriving at a just conclusion under the decisions, we refer to the cases of *Tyler v. McFadden Newspaper Corp.*, 107 Pa. Superior Ct. 166, with special reference to pages 171, 172, 173, 174, 163 A. 79, 81, 82; *Wright v. A. & S. Wilson Co.*, 83 Pa. Superior Ct. 487, 489, (LINN, J.); *McCall v. Telephone Co.*, 79 Pa. Superior Ct. 505; *Eckert v. Merchants Shipbuilding Corp.*, 280 Pa. 340, 348, 349, 124 A. 477; *Simonton v. Morton*, 275 Pa. 562, 119 A. 732, and the decisions cited in the opinions in those cases.

The judgment is reversed and the record is ordered remitted to the Workmen's Compensation Board for further hearing and determination pursuant to this opinion.