Cimo *v.* State Workmen's Insurance Fund et al.,
Appellants.

Argued September 26, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER
and RHODES, JJ.

*S. H. Torchia,* with him *Guy K. Bard,* Attorney General, *John T. J. Brennan, J. S. LaVictoire* and *William E. Boggs,* for appellants.

*H. A. Englehart,* for appellee.

PER CURIAM, October 28, 1938.

When this case was here before—127 Pa. Superior Ct. 49, 193 A. 283—we reversed the judgment because we were of opinion that the evidence in the record did not support a finding that the claimant, at the time he received his injury, was an employee of the Red Top Coal Company rather than an independent contractor working for it. The general expressions used by the claimant in his testimony were conclusions rather than statements of facts. We ordered the record remitted to the board to take further testimony as to the circumstances attending his engagement to haul coal for the coal company, from which it might be determined what his status really was at the time of the accident.

Additional testimony was taken along the lines suggested in our opinion. From this the board has found that the claimant was a workman in the employ of the coal company rather than an independent contractor. There is evidence to support its finding. See *McCall v. Bell Telephone Co.,* 79 Pa. Superior Ct. 505; *Flaharty v. Trout,* 290 Pa. 315, 138 A. 863. That being the case we are concluded by its finding of fact.

The judgment in the court below exceeds the maximum amount allowed by the Workmen's Compensation Act ($6500, sec. 306a, as in force at the time of the injury) by five dollars. It will be reduced by that amount; and judgment should be entered in the appropriate form directed in *Graham v. Hillman Coal & Coke Co.,* 122 Pa. Superior Ct. 579, 586, 587, 186 A. 400.

As so modified the judgment is affirmed.