## McGrath *v.* Edward G. Budd Manufacturing Company, Appellant.

Argued November 24, 1943; reargued January 13, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused April 11, 1944.

*James McG. Mallie,* for appellant.

*David H. H. Felix,* of *Felix & Felix,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 20, 1944:

This is an action in trespass by Timothy McGrath, appellee, against Edward G. Budd Manufacturing Company, appellant, for damages caused by the negligence of one Herman Burk in the improper welding of certain anchor bolts necessary to fasten an upright steel column to a concrete foundation. Did the trial court commit error in permitting a jury to determine whether Burk was an employee of appellant or an employee of an independent contractor doing construction work for appellant? A verdict of $15,000 was returned in favor of appellee. This appeal is from the refusal of the court below to grant appellant's motions for judgment non obstante veredicto and for a new trial.

On December 17, 1940, Wark and Company contracted with appellant, Edward G. Budd Manufacturing Company, to construct an addition to one of appellant's plants. Portions of the work were awarded to various subcontractors. Included in the work retained by the Wark Company was construction of a foundation. Steel columns were to be erected by W. F. Feltenberger, Inc., to whom the contract for the erection of structural steel had been awarded. Placing of base plates and anchor

bolts by which upright steel columns were to be secured was included in the construction of the foundation. The particular foundation work at the part of the building involved was in charge of William E. B. Harris, an assistant superintendent of Wark and Company. On Saturday afternoon, a half-holiday, January 4, 1941, Harris discovered that the anchor bolts did not protrude a sufficient length from the foundation to permit attachment of the upright columns. This particular part of the work had to be completed by Monday morning. Harris, from experience, knew that the remedy was to weld extensions to the anchor bolts. Wark and Company employed no welders; appellant regularly employed a number of welders in operating its business. Harris immediately consulted with Harry Knott, his superintendent, and they decided to secure the use of appellant's welders for the work. They requested of a Mr. Sneddon, appellant's millwright foreman, the services of a welder to do the work in this holiday emergency. Herman Burk, a welder, and Julius Bley, a millwright, were released to do the work. These employees took with them welding equipment belonging to appellant and reported to Harris who pointed out the work to be done. Harris remained with the men until the welding had been finished. With appellant's two employees assisting, the base plates for the upright columns were then placed upon the foundation, the welded anchor bolts now protruding the necessary length. That having been done, Burk and Bley left the premises.

The following Monday, appellee and other employees of Feltenberger, Inc., proceeded to erect the steel columns. In the process of so doing, a choker, which was a wire cable fastened around the column to enable the crane to properly place the steel column, failed to release. Appellee climbed the column to a height of approximately eighteen feet and released the choker. Noticing that the column was beginning to fall, he jumped and landed upon other steel lying upon the ground. A fracture of the left foot was sustained. Infection subse-

quently developed, and extended hospital and medical treatment was required.

Appellant contends (1) that the uncontradicted evidence conclusively establishes that Burk and Bley were employees of Wark and Company, having been loaned to said company by appellant for the purpose of welding the anchor bolts; and, (2) that no negligence has been proven as a matter of law. Appellee, however, relies upon the facts that the men's wages were paid by appellant company, that its equipment was being used, and, that Harris exercised no control with regard to the manner in which the work was done.

"The precise nature of the relationship, under the evidence, presents a question of fact which it is the exclusive function of the jury to determine, after proper instructions by the court as to the matters of fact to be considered, *except* where the facts are not in dispute and the evidence is direct and certain, presenting no question of credibility and leaving no sufficient ground for inconsistent inferences of fact": *Joseph v. United Workers Assn.,* 343 Pa. 636, 639. Considering the record most favorably to the appellee, as we are required to do, we must conclude that it is a question of law whether Burk, while engaged in welding the anchor bolts, bore such relation to appellant as to render it liable for his negligence.

Before a recovery may be had against an employer it must appear that the employee whose negligence forms the basis of the cause of action bore to the one sought to be charged the relation of servant: *Sgattone v. Mulholland and Gotwals, Inc.,* 290 Pa. 341, 345. It is a well recognized rule that, "where one may be in the general employ of another, yet he may, with respect to particular work, be transferred to the service of a third person, in such a way that he becomes, for the time being, a servant of that person with all the legal consequences of that relation": *Robson v. Martin,* 291 Pa. 426, 430.

In cases of this nature consideration must be given to the character of the service to be rendered: *Robson v.*

*Martin,* supra, 431; the duration of employment: *Lang v. Hanlon,* 305 Pa. 378, 384; and the one who is paying the employee: *Atherholt v. Stoddart,* 286 Pa. 278, 280. These considerations, however, are merely aids in determining the relation and do not necessarily determine the relationship. They are to be applied only in those cases where the evidence does not clearly establish who is the employer. See *Brooks v. Buckley & Banks,* 291 Pa. 1, 7. The true criterion is the existence of power to control the employee at the time of the commission of the negligent act: *Walters v. Kaufmann Dept. St., Inc.,* 334 Pa. 233, 235; *Persing v. Citizens Traction Co.,* 294 Pa. 230, 235; *Eckert v. Merchants Shipbuilding Corp.,* 280 Pa. 340, 348; *Hoffman v. Montgomery Co.,* 146 Pa. Superior Ct. 399, 402. In *Eckert v. Merchants Shipbuilding Corp.,* supra, 349, this Court said, quoting from 18 Ruling Case Law, 782: "It is essential to the relation of employer and employee . . . that the employer shall have power and authority to direct and control the acts of the alleged employee. Having this power, the employer must respond; lacking it, he is not to be held accountable. Respondeat superior is the foundation of liability; and if the employer or principal is without power to command or direct the acts of the alleged employee or agent, there is no superior whose duty it is to respond for the acts of an inferior."

The undisputed evidence shows that Wark and Company were obligated under their contract to perform the work here involved and that in order to do so it borrowed from appellant the necessary men and equipment. Power to control determines responsibility. Had Wark and Company employees with the ability to perform the work done, no necessity would have arisen for securing the services of the employees of appellant company. The situation of loaned employees rarely, if ever, arises where the employer has the ability to perform. The inability necessitated the borrowing and Harris assumed control of the men loaned to do the work. He directed them to do a certain work; he was, for the time being, in complete

charge. The fact that the employees were paid by their general employer does not, under the circumstances in question, prevent their being employees of Wark and Company: *Sgattone v. Mulholland & Gotwals, Inc.,* and *Hoffman v. Montgomery County,* both supra.

Being of opinion that Burk and Bley were employees of Wark and Company while engaged in the work of welding the anchor bolts, and that appellant cannot be held responsible on the theory of respondeat superior, it is unnecessary to determine whether the evidence was sufficient to support a finding of negligence.

Judgment reversed and here entered for appellant.