### HAHN v. BUCYRUS-ERIE CO.
### No. 10023.

United States Court of Appeals
Third Circuit.

Argued Dec. 22, 1949.

Decided Jan. 6, 1950.

See also 8 F.R.D. 315.

B. Nathaniel Richter, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., on the brief), for appellant.

Owen B. Rhoads, Philadelphia, Pa. (Harold P. Dicke, Philadelphia, Pa., Barnes, Dechert, Price & Myers, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from a judgment entered on a verdict for the defendant in a civil action of negligence for personal injuries. The plaintiff was an employee of Fauzio Brothers and was injured while working on the erection of a walking drag line excavator. The machinery being erected had been purchased from the defendant by Fauzio Brothers for use in their strip mining operations. The contract of sale provided that Fauzio

Brothers were to erect and operate the machinery, furnishing all labor, material and supplies needed, and that the defendant was to lend them, "to continue as our employee, but to be subject to your exclusive direction," an experienced engineer, to superintend the erection and initial operation of the machinery. Pursuant to the contract the defendant has assigned George Fenner, an experienced engineer, to the erection job. The plaintiff testified that a premature signal by Fenner for a crane operation during the work of erection caused the accident in which he was injured.

The plaintiff contends that the trial judge erred in declining to instruct the jury that the defendant was liable for Fenner's negligence as a matter of law and, if the question was one for the jury, in failing to instruct the jury that they were to determine the question from the entire evidence and were not controlled by the provisions of the contract as to Fenner's status. Jurisdiction being based on diversity of citizenship, the question turns upon whether Fenner was so loaned as an employee by the defendant to Fauzio Brothers that the latter had the exclusive right to direct and control him at the time of the accident within the Pennsylvania loaned servant doctrine. See McGrath v. E. G. Budd Mfg. Co., 1944, 348 Pa. 619, 36 A.2d 303; Siidekum v. Animal Rescue League, 1946, 353 Pa. 408, 45 A.2d 59. In view of the provisions of the contract of sale this was clearly a question of fact for the jury to determine from all the evidence including that contract, and the trial judge rightly refused to rule it in the plaintiff's favor as a matter of law. A careful reading of the trial judge's charge to the jury satisfies us that he fairly submitted the question to the jury for their determination from the entire evidence and that he did not, as the plaintiff contends, unduly stress the status indicated by the contract.

The judgment of the district court and its order denying the plaintiff's motion for a new trial will be affirmed.