Mitchell *v*. East Nantmeal Township, Appellant.

Argued March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*John O. Platt, Jr.,* with him *MacElree & Platt,* for appellant.

*John F. Donohue*, with him *W. Edward Greenwood* and *Gawthrop & Gawthrop*, for appellees.

OPINION BY HIRT, J., July 17, 1956:

Claimant, Chester Mitchell, had been employed by J. D. Prosser, a paving contractor for many years. By long experience he had become an expert operator of graders, power rollers and other road building equipment. Prosser on June 12, 1954, as he had done on a number of prior occasions, supplied East Nantmeal Township with a road roller on a flat rate rental basis. The agreed rental included the services of claimant as operator of the equipment. On the above date after rolling a small patched section of a road, Mitchell, at the direction of the township road supervisor, moved the roller to another location in the township on a flat-top trailer. After unloading the roller from the trailer, in operating the roller on the road, he was struck by a loosened part of the brake equipment and was seriously injured. As a cautionary measure he filed a claim both against the township and a similar claim against J. D. Prosser, for workmen's compensation. The question before the referee was which of the two was liable for compensation payments, inasmuch as it was conceded that claimant was entitled to recover from one or the other of them for permanent disability resulting from the accident. In the Prosser case the referee found that at the time of the injury, "claimant was not in the employ of the defendant"; in the other case against the township the finding of the referee was: "At the time of the accidental injury resulting in his disability the claimant was a loaned employee, performing work for the East Nantmeal Township . . . and was under the jurisdiction and control of the Township while doing his work." On these

basic findings the claim petition against Prosser was dismissed; and an award for compensation for total disability was entered against the township. Both the board and the lower court affirmed; and judgment was entered against East Nantmeal Township on the award. The township has appealed in both cases, contending that claimant's services were merely temporarily lent to the township and that he, when injured was the servant of Prosser, his general employer, who alone was liable for compensation.

The difficulty is not with the law, for it is well settled; the problem in cases of this class, is the application of settled principles to the peculiar facts of each particular case. A person who generally is the employe of one master may become the servant of another, by contract, for the performance of the latter's work. The controlling test to determine liability for workmen's compensation, to a lent employe injured by accident, is "who has control and the right to direct *where* he is to work and *how* he is to work": *Hoffman v. Montgomery Co. et al.,* 146 Pa. Superior Ct. 399, 22 A. 2d 762. (Emphasis supplied). Thus, in the following cases the general employer, who alone had the right of control of the loaned servant, was found to be liable for workmen's compensation, to the exclusion of the one who borrowed him. *Healy v. Carey, Baxter & Kennedy Inc.,* 144 Pa. Superior Ct. 500, 19 A. 2d 852; *Doyle v. Commonwealth,* 153 Pa. Superior Ct. 611, 34 A. 2d 812; *Ramondo v. Ramondo,* 169 Pa. Superior Ct. 102, 82 A. 2d 40; *Felten v. Mellott et al.,* 165 Pa. Superior Ct. 229, 67 A. 2d 727; *Wall v. Penn Lumber & Mill Works,* 171 Pa. Superior Ct. 512, 90 A. 2d 273. So also, in applying the above test, when it appeared that the temporary master had control not only over the work to be done but also over the manner of doing it, the

borrowing employer alone was found to be liable in a number of cases, among them: *Hoffman v. Montg. Co.*, supra; *Robson v. Martin et al.*, 291 Pa. 426, 140 A. 339; *Siidekum, Admr. v. Animal Rescue League*, 353 Pa. 408, 45 A. 2d 59 and *McGrath v. E. G. Budd Mfg. Co.*, 348 Pa. 619, 36 A. 2d 303.

The ultimate question here is whether the finding of the compensation authorities, that claimant was a workman in the employ of the township rather than of Prosser, is supported by competent evidence. If so, the award based upon it is conclusive upon us. *Cimo v. State Workmen's Ins. Fund*, 133 Pa. Superior Ct. 51, 1 A. 2d 919; *Thatcher v. Pierce*, 281 Pa. 16, 125 A. 302. Claimant was injured on the first day of his work in the township. But Prosser on a number of prior occasions had supplied the township with power rollers and other road equipment together with men to operate them. Maintaining the township roads was the responsibility of Hunter Care, the township road supervisor. Prosser testified that in this instance, as on prior occasions, it was contemplated that Care would supervise and direct the progress of the work and "give this man orders". He said that Care had the authority to direct claimant what to do "on this particular job" and also to control "the manner and means of doing the work"; and that "if part of the road is improperly rolled" Care had the authority to order the lent workman "to repave it or to complete the job properly". Care, according to Prosser, could stop the work in case of rain, with authority also to order the equipment off the job and to return it to Prosser. Care, who was the only other witness as to claimant's status, testified that he did not direct the various men on the job because "Prosser's men can do it better than I could tell them"; but elsewhere in his testimony he said he

did supervise the rolling of the resurfaced road and if the work was not done properly he told the operator "what to do." It is unimportant that in these cases the township did not actually issue directions to claimant in the performance of his work, since Care, the road supervisor, acting for the township had the right to exercise complete control. *Pa. Smelting & Refining Co. v. Duffin,* 363 Pa. 564, 70 A. 2d 270.

In the appeal in No. 108 the evidence must be viewed in the light most favorable to the claimant who has a judgment against the township in his favor on the award for compensation. *Dosen v. Union Collieries Company,* 150 Pa. Superior Ct. 619, 29 A. 2d 354. In a case where the facts are not in dispute or where the evidence leaves no sufficient ground for inconsistent inferences therefrom, the question as to who is the servant's employer may be for the court. But where the evidence, as here, raises an issue of fact, or contradictory inferences can be drawn from it, the question is one for determination by the fact finders—in these cases the referee and the board. *Mature v. Angelo,* 373 Pa. 593, 598, 97 A. 2d 59. One phase of Prosser's business was the renting out of road equipment, with the necessary operators. But while that fact, under the *Mature* case, p. 596, raised a presumption that the claimant here remained Prosser's employe, yet the precise nature of the relationship presented an issue of fact under the testimony. Cf. *McGrath v. E. G. Budd Mfg. Co.,* supra. The evidence in these cases and the favorable inferences to which this claimant is entitled were sufficient to overcome the above presumption of fact and to establish with finality that he was the servant of the township and not of Prosser.

Judgments affirmed.