Mohan, Appellant, *v.* Continental Distilling Corporation.

Argued January 5, 1966.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Sheldon L. Albert,* with him *James E. Beasley,* for plaintiff.

*Albert L. Bricklin,* with him *David F. Binder, Richard P. Brown, Jr.,* and *Bennett & Bricklin,* and *Morgan, Lewis & Bockius,* for defendant, Continental Distilling Corporation.

OPINION BY MR. JUSTICE COHEN, September 27, 1966:

This case presents two appeals—one by plaintiff from an order of the trial court granting a new trial and the other by defendant Continental Distilling Corporation (Continental) from an order denying its motion for judgment n.o.v.—arising out of wrongful death and survival actions brought by plaintiff as administrator of his wife's estate and in his own right.

Decedent was injured while at work on March 10, 1958 and died the following morning as a result of her injuries. Action in trespass was brought against Continental, Publicker Industries, Inc. (Publicker), and

four wholly-owned subsidiaries of Publicker. At the opening of the trial, plaintiff agreed to a voluntary nonsuit as to all defendants except Continental, which is also a wholly-owned subsidiary of Publicker. The jury returned verdicts of $26,450 in the wrongful death action and $55,000 in the survival action. Continental filed motions for judgment n.o.v. and, in the alternative, for a new trial. The court denied the motion for judgment n.o.v. but granted a new trial because of an error in the charge which the court believed had led to an excessive verdict in the survival action.

In its motion for judgment n.o.v., Continental argued (1) that it was the employer of plaintiff's decedent and that plaintiff's exclusive remedy was under the Workmen's Compensation Law; (2) that plaintiff failed to prove that any negligence on the part of Continental caused injury to plaintiff's decedent; and (3) that decedent was contributorily negligent as a matter of law.

The paramount issue is whether decedent's employer was Continental or Publicker. If Continental was the employer, plaintiff's sole remedy is to proceed under the Workmen's Compensation Law, and judgment n.o.v. is proper.

Plaintiff contends that Continental was not the employer because decedent's W-2 forms identified Publicker as her employer, as did her own income tax returns; her pay envelopes came from Publicker; when she desired time off she was required to obtain Publicker's permission; the gate passes used by workers in the Continental plant were issued by Publicker; and all lay-off notices and notices instructing her to return to work were signed by Publicker. On the other hand, the record reveals that although wholly-owned by Publicker, Continental maintained separate books; that the machinery and fixtures in the plant in which decedent worked as well as the real estate were carried on the

books of Continental; that the accounting for Publicker and its subsidiaries was centralized; that *Publicker performed for Continental certain management functions in personnel, payroll and other departments for which Continental paid to Publicker a management fee*; that the employees at the Continental plant were listed separately from the employees of Publicker and its subsidiaries, and Continental reimbursed Publicker monthly for the payments made by Publicker to Continental's listed employees; that payments for the labor and cleaning women such as the decedent working in the Continental plant were charged to Continental; and that Publicker produces only industrial alcohol and chemicals while Continental produces only alcoholic beverages intended for human consumption.

It is uncontested that the machine upon which decedent was working and which carried her to her death was owned, maintained, operated and controlled by Continental for the purpose of sealing cases of whiskey; that the plant in which decedent worked was likewise owned and maintained by Continental; and, most significant, that the functions of Continental—distillation, blending, bottling, warehousing and shipping of alcoholic beverages intended for human consumption—were all carried on at its plant and were not functions of Publicker. From these facts alone the identity of the employer is so clear that we believe that no jury question is presented with respect thereto. As a matter of law, the employer, in the situation now before us is clearly Continental, the company upon whose equipment the decedent was working, in whose plant the injury occurred, and whose functions alone the decedent was furthering. In view of such overwhelmingly meaningful factors revealing the right of control, which is the classic test of the master-servant relationship, to be in Continental, little weight may be given to the fact that decedent was paid by, laid off by, and

called back to work by Publicker. Continental paid to Publicker a fee for the performance of these supervisory functions, just as it would to any individual or firm hired by it to serve as plant manager. The services performed by Publicker with respect to the Continental plant and employees in no way established it as the employer of the decedent. The fact that Continental is wholly-owned by Publicker does not, within the context of this case, alter that conclusion, for the identity of Continental as a separate and distinct entity has been maintained and proved. In *Butera v. Western Ice and Utilities Company,* 140 Pa. Superior Ct. 329, 14 A. 2d 219 (1940), the Superior Court held that where a carpenter was originally hired to perform work by one corporation and was thereafter engaged by a second corporation, both corporations having common stockholders and being under the same management with a common superintendent, the relationship between the corporations did not affect the nature of employment with the first corporation and change the casual character of that employment. As to its relation to an employee under the Workmen's Compensation Law, each corporation was regarded as a separate entity. Likewise, as to the employees of Continental, the parent and subsidiary corporations must be regarded as separate entities under the law. Therefore, it was error for the court below not to have granted Continental's motion for judgment notwithstanding the verdict, and limit plaintiff to his exclusive remedy under the Workmen's Compensation Law.

We recognize that in a situation wherein the issue is which of two corporations, one being a wholly-owned subsidiary of the other, is the employer of an injured employee, the problem of determining the question of control can properly be resolved only by a consideration of the functions performed by every interested

party—each corporation and the injured employee—in addition to other indicia of control. Indeed, there are employees working for corporations where control is constantly changing as the result of merger, consolidation or creation of a new entity intended to take advantage of a tax privilege. When this situation is present the courts must analyze the issue of control in terms of function in order to determine for which corporation an employee in reality works. In other words, where there is established a parent-subsidiary relationship between corporations operating as separate entities and engaged in the performance of different functions, the proper manner by which the question of which corporation has the right of control over a certain employee should be determined is to focus on the functions performed by each corporation and by the employee. If the corporate functions are distinct and in the performance of his duties, the employee is shown to have acted in furtherance of the functions of only one, or essentially one of the corporations, then that corporation will be deemed his employer. Where the business personality of a corporate entity spills over into a related corporation, or over into a wholly-owned subsidiary with an inter-company management relationship, the lines of control are apt to become confused; but here the functions performed by the decedent are so clear and related to only one corporation that if that corporation did not have control her efforts would be useless.

Reversed and judgment n.o.v. entered for defendant.

Mr. Justice MUSMANNO dissents.