Jimmy L. **KRAFT** and Patricia Kraft, his wife, Plaintiffs,

v.

George F. **PHILLIS** and Jimmy L. **Crutchfield,** Defendants.

Civ. A. No. 77–526.

United States District Court, W. D. Pennsylvania.

Oct. 13, 1978.

Robert A. Cohen, Rothman, Gordon, Foremand & Groudine, Pittsburgh, Pa., for plaintiffs.

Terry C. Cavanaugh, Conte, Courtney & Tarasi, Conway, Pa., Linton L. Moyer, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, District Judge.

On August 17, 1976, defendant Jimmy L. Crutchfield injured plaintiff Jimmy L. Kraft in a rear-end truck collision. At the time, Crutchfield was driving a truck that the defendant George F. Phillis owned and leased to B & P Motor Express Company (B & P) under an undated "Equipment Lease Agreement Between Owner and Carrier," Lease Serial No. 93–6984 (the "Phillis Lease"). As a result of the accident, Jimmy Crutchfield received benefits pursuant to the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 *et seq.*, as B & P's employee. Subsequently, he and his wife brought suit to recover damages stemming from the mishap, asserting that Crutchfield was acting as Phillis' employee or agent at the time of the accident. Phillis then filed a cross-claim against Crutchfield, seeking indemnity or contribution for potential liability.

Before the court is Crutchfield's motion for summary judgment, in which he raises the defense that the fellow-servant immunity doctrine of either Pennsylvania or Ohio law bars the Krafts' recovery in this suit. In answers to interrogatories Jimmy Kraft admits that he was an employee of B & P at the time of the accident. Crutchfield asserts that he too was an employee of B & P at that time, presenting the affidavit of a B & P officer to that effect. In their brief opposing the motion, the Krafts dispute that Crutchfield was a B & P employee when the accident occurred, and they contend that the question is a genuine issue as to a material fact, which precludes granting summary judgment.

At oral argument, however, counsel for the parties agreed that no facts are in dispute, and that the issue of whether Crutchfield was a B & P employee is a question of law. Where the facts are undisputed, the issue of whether the employer-employee relationship exists may be determined as a matter of law. *Goldinger v. Boron Oil Co.,* 375 F.Supp. 400, 413 (W.D. Pa.1974), *aff'd,* 511 F.2d 1393 (3d Cir. 1975); *McGrath v. Edward G. Budd Mfg. Co.,* 348 Pa. 619, 36 A.2d 303 (1944); 56 C.J.S. *Master and Servant* § 13 (1948).

It is our opinion that the facts lead to the conclusion that Crutchfield was acting as an employee of B & P, not Phillis, at the time of the accident. One B & P official has submitted an affidavit to this effect. (See Exhibit "A" to the Motion for Summary Judgment filed by Crutchfield.) B & P hired Crutchfield; only B & P could fire him, and only B & P could designate the terminal from which he worked. Phillis Deposition at 47, 48. In addition, B & P, not Phillis, paid Crutchfield and withheld income and social security taxes from his wages. Crutchfield Deposition at 32. Moreover, paragraph 12 of the Phillis Lease provides that the leased truck shall be driven by an employee of B & P at all times that it is in B & P's service. As a matter of law, therefore, we conclude that the undisputed facts and the Phillis Lease establish that Crutchfield was an employee of B & P, not Phillis, at the time of the mishap.

Because Kraft and Crutchfield were both employees of B & P acting within the scope of their employment at the time of the accident, and because Kraft's injury was compensable under either Ohio or Pennsylvania Workmen's Compensation laws, those statutes preclude Kraft and his wife from recovery in this case. We therefore will grant summary judgment in favor of Crutchfield against both plaintiffs and against Phillis on his cross-claim.

Because the Krafts' complaint seeks to hold Phillis vicariously liable as Crutchfield's employer, our determination that Crutchfield was acting as the employee of only B & P at the time of the collision necessarily relieves Phillis of any possible liability in this case. We will accordingly grant Phillis' oral motion for summary judgment against the Krafts as well.

AND NOW, to-wit, this 13th day of October, 1978, in accordance with the foregoing, it is ORDERED, ADJUDGED and DECREED that:

1. Defendant Crutchfield's motion for summary judgment against the Krafts and against Phillis be and hereby is granted; and

2. Defendant Phillis' oral motion for summary judgment against the Krafts be and hereby is granted.