Mary JOYCE and Michael Joyce, h/w

v.

**SUPER FRESH FOOD MARKETS, INC.**

Civ. A. No. 86–0293.

United States District Court, E.D. Pennsylvania.

July 2, 1986.

722

Eric Swan, Philadelphia, Pa., for plaintiff.

John J. Coffey, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This civil action arises out of an incident which occurred on October 6, 1983 when wife plaintiff, Mary Joyce, ("Joyce"), employed upon the premises of Super Fresh Food Markets, Inc., ("Super Fresh"), in Fairless Hills, Pennsylvania, was injured as a result of a pallet striking her on the left calf while she was working in the back room of defendant's premises. Joyce alleges that the defendant's negligence was the direct and proximate cause of her injuries. Presently before the court is the defendant's motion for summary judgment. The court held an evidentiary hearing. For the reasons which follow, the motion is granted.

In considering a motion for summary judgment, we must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). *Arnold Pontiac-GMC, Inc. v. General Motors Corporation*, 786 F.2d 564, 568 (3d Cir.1986); *Fragale & Sons Beverage Co. v. Dill*, 760 F.2d 469, 472 (3d Cir. 1985); *Wolk v. Saks Fifth Avenue, Inc.*, 728 F.2d 221, 224 (3d Cir.1984); *First Jersey National Bank v. Dome Petroleum Limited*, 723 F.2d 335, 338 (3d Cir.1983). The movant has the burden of demonstrating that there are no genuine issues of material fact and all reasonable inferences from the record must be drawn in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.1985); *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 981–82 (3d Cir.1984); *Small v. Seldows Stationary*, 617 F.2d 992, 994 (3d Cir.1980).

It is clear in the case *sub judice* that there are no genuine issues of material fact, even after resolving all doubts in favor of the plaintiffs and against the defendant. Therefore, we turn to the issue of whether the defendant is entitled to judgment as a matter of law.

In its motion for summary judgment, the defendant argues that Joyce was an employee of Super Fresh on October 6, 1983, and that consequently, her exclusive remedy is under the Pennsylvania Workmen's Compensation Act. In her complaint, Joyce claims to be an employee of Supermarket Services, Inc., ("SMS"). It is undisputed that SMS is a corporation wholly owned by the Great Atlantic and Pacific Tea Company, ("A & P"), which at all times relevant, also owned 100% of the defendant corporation, Super Fresh. The primary issue in this case therefore is whether Joyce was an employee of Super Fresh on October 6, 1983. Where the facts are undisputed, the issue of whether the employer-employee relationship exists may be determined as a matter of law. *Kraft v. Phillis*, 457 F.Supp. 1002, 1003 (W.D.Pa.1978); *English v. Lehigh City Authority*, 286 Pa. Super. 312, 428 A.2d 1343, 1348 (1981).

Under the Pennsylvania Workmen's Compensation Act, 77 PS §§ 21, 22, the terms "employer" and "employee" are synonymous with "master" and "servant." *Cookson v. Knauff et al*, 157 Pa.Super 401, 404, 43 A.2d 402 (1945). Under Pennsylvania law, there is no fixed rule for determining existence of a master and servant relationship and the courts must act on a case by case basis. *Mauk v. Wright*, 367 F.Supp. 961, 966 (M.D.Pa.1973). Pennsylvania law essentially requires satisfying four basic elements to find a master-servant relationship: (1) the right of employer to select employee, (2) the right and power to remove the employee, (3) the power to direct what the employee will do and the manner of performance, (4) and the potential power to control the employee. *Mauk v. Wright, supra* at 967.

The rights to select and remove an employee are clearly present in the case

*sub judice*. Although it is undisputed that Joyce was formally hired by Bob Mills, an employee of SMS, John Williams, Store Manager of the Super Fresh Market where Joyce performed her job, testified at the evidentiary hearing that Mills hired Joyce after Williams had spoken with Joyce and recommended to Mills that Joyce be hired. The defendant alleges that Williams also testified at deposition that he had the right to dismiss, reprimand and counsel persons such as plaintiff as well as control their activity. Williams' testimony is in accord with the undisputed organizational policies of A & P governing the hiring of SMS employees such as Joyce. The defendant alleges that in a deposition taken on April 11, 1986, Timothy Courtney, the Vice-President of A & P, testified that both Super Fresh and SMS were set up for the convenience of A & P as a legitimate business purpose of the corporations, that all employees, be they SMS or Super Fresh, received their pay or salary from funds drawn on the A & P payroll system, that the Super Fresh manager runs the store and that the SMS employees such as Joyce were not hired until the manager put a stamp of approval on them. The defendant further alleges that Mr. Courtney's testimony was supported by the testimony of James F. Staab, the Director of Operations of SMS, at deposition on May 30, 1986, when Mr. Staab testified that employees such as Joyce were to be tied into the Super Fresh operation through the store manager and that the store manager had the authority to hire and discharge such employees. Based on that uncontradicted testimony, we find that the first two elements necessary to establish an employer-employee relationship are satisfied.

As to the powers of the employer to direct and control the employee, it is well established under Pennsylvania law that the powers may be either actual or potential. The criterion is not whether the employer *in fact* exercised control, but whether he had the *right* to exercise it. *Mauk v. Wright, supra* at 967; *Yorston v. Pennell*, 397 Pa. 28, 39, 153 A.2d 255 (1959); *Dun-*

*mire v. Fitzgerald,* 349 Pa. 511, 516, 37 A.2d 596 (1944) (emphasis added). In the case *sub judice,* the Super Fresh store manager's right to control the SMS employees working in his store has been clearly established. It is undisputed that the SMS employees, such as Joyce, reported on a daily basis to the store manager for direction as to the performance of their duties. Joanne Nice, a supervisor for SMS, testified at the evidentiary hearing, that she visited the store at two to three week intervals to assist in ordering stock and check on the performance of SMS employees. The defendant alleges that in the deposition of Betty Ann Dutton, a co-employee of Joyce, it was established that SMS employees were subject to the control of Super Fresh employees such as the store manager or his assistant with respect to how they would perform their duties with regard to erecting displays within the store and that their time cards were subject to the verification of the store manager. The defendant argues that the accuracy of Ms. Dutton's testimony is supported by the admissions by Joyce in her testimony at deposition that she did not have discretion as to the manner and place wherein she was to exhibit displays of general merchandise and that ultimately the discretion was up to the store manager. However, at the evidentiary hearing, Joyce testified that the direction she received from the store manager was only in the erection of special sale displays and that she was not required to take any orders from the manager. Instead, Joyce testified that she was directed by her SMS supervisor to be nice to the manager, and that she didn't have to get permission from anyone as to how to perform her duties. In order to establish the right to control we must look to the realities of the circumstances presented. In this case it is undisputed that Super Fresh and SMS are both wholly owned subsidiaries of A & P. The proper manner by which the question of which corporation has the right to control over a certain employee should be determined by focusing on the functions performed by each corporation and by the employee. *Mohan v. Continen-*

*tal Distilling, Corp.,* 422 Pa. 588, 592–593, 222 A.2d 876 (1966). It is undisputed that SMS was created for labor and tax considerations as a support organization for food stores of the parent corporation, A & P, and other subsidiary corporations of the parent. It is also undisputed that the primary duty of a Super Fresh store manager is to insure that his store is operated at a profit, and that the manager is responsible for all aspects of the store operation. Consequently, he has broad discretion in making decisions which affect the profitability of the store. According to Mr. Williams' testimony at the hearing, this includes the supervision of the work of SMS employees working at his store and assigning these employees to specific tasks as frequently as is necessary. Considering these realities, we can not accept Joyce's contention that she was not subject to the control of Super Fresh through the manager of the store. We therefore hold that all the elements of an employer-employee relationship exist between Super Fresh and Joyce. Furthermore, the economic realities of this case support the defendant's motion for summary judgment. Joyce filed a petition for Workmen's Compensation benefits which was accepted as compensable and she has received benefits paid for by A & P checks. The testimony of Louis Cappella, the Director of Risk Management for A & P, Super Fresh, and SMS, at the evidentiary hearing established that the benefits of non-union employees such as Joyce, whether they be Super Fresh or SMS employees would be the same under the A & P corporate program. He further testified that A & P is a self-insured company registered in Pennsylvania and "We are basically a company that pays our own risks." Therefore, by piercing the corporate veil it is obvious that any further compensation awarded Joyce based upon her claims against Super Fresh would ultimately be paid by the same company which has compensated her under the provisions of the Pennsylvania Workmen's Compensation Act, a result which would defeat the purpose of the Act. By virtue of the Act, an employee's common law right to damages for injuries suf-

fered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the *exclusive* statutory right of the employee to compensation for all such injuries, and the employer's liability as a tortfeasor is abrogated. *Bayless v. Philadelphia National League Club,* 472 F.Supp. 625, 628 (E.D.Pa.1979), *aff'd* 615 F.2d 1352 (emphasis added).

·We, therefore, conclude that the plaintiffs' exclusive remedy is under the provisions of the Workmen's Compensation Act, and we grant the defendant's motion for summary judgment.