# Lyles v. Huntington Bancshares Incorporated

*Douglas J. Olcott* and *Dallas W. Hartman,* for plaintiffs.

*Thomas E. Zumpella,* for defendant,

PICCIONE, *J.,* July 13, 2010—Before this court for disposition are defendant's preliminary objections to plaintiffs' complaint. The current action arises out of a slip and fall accident that took place in a parking lot located at 108 South Market Street in New Wilmington. On January 18, 2008, plaintiff Simonae R. Lyles parked in the lot and, upon exiting her vehicle, slipped on a patch of ice. Mrs. Lyles sustained numerous injuries as a result of the slip and fall.

On December 11, 2009, plaintiffs Robert and Simonae R. Lyles filed a complaint alleging that defendant Huntington Bancshares Incorporated, as owner of the parking lot, was negligent in failing to prevent the dangerous accumulation of ice that caused Mrs. Lyles's accident. On January 8, 2010, defendant filed preliminary objections to plaintiffs' complaint, stating that Mrs. Lyles had previously filed a workers' compensation claim against defendant arising out of the same accident. Defendant argues that the Pennsylvania Workers' Compensation Act provides the exclusive remedy for injuries sustained by employees in the course of their employment and that employers are consequently immune from being sued in tort. As a result, defendant asserts that this court does not have subject matter jurisdiction over this dispute and

requests that plaintiffs' claims be dismissed. In addition, defendant indicates that paragraph 10 of plaintiffs' complaint lists one of Mrs. Lyles's injuries as a "damaged vertebral disc requiring ???? [sic] [.]" Pl.'s comp. ¶10(b). Defendant argues that the averment fails to specify what injury Mrs. Lyles sustained and should, therefore, be stricken. On February 2, 2010, plaintiffs filed a response to defendant's preliminary objections in which plaintiffs allege that Mrs. Lyles was an employee of The Huntington National Bank and/or The Huntington Kentucky LLC at the time of the January 18, 2008 accident." Pl.'s resp. ¶3. Plaintiffs also point out in their response that paragraph 10(b) of their complaint identifies an injury suffered by Mrs. Lyles but omits the treatment she received. After providing the parties with an opportunity to submit briefs, the court held oral argument on defendant's preliminary objections on June 28, 2010.

Preliminary objections may be filed on the following grounds: "(1) lack of jurisdiction over the subject matter of the action . . . ; (3) insufficient specificity in a pleading; [and] (4) legal insufficiency of a pleading." Pa.R.C.P. 1028(a)(1), (3), (4). When preliminary objections raise a question of subject matter jurisdiction "[t]he trial court's function is to determine whether the law will bar recovery due to a lack of subject matter jurisdiction." *Arbor Resources Limited Liability Company v. Nockamixon Township,* 973 A.2d 1036, 1042 n.5 (Pa. Commw. 2009).

When ruling on a preliminary objection in the nature of a demurrer, the court must accept as true all material facts set forth in the pleading, as well as all reasonable inferences deducible from such facts. *Cardenas v.*

*Schober,* 783 A.2d 317, 321 (Pa. Super. 2001). However, the court is not required to accept as true "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Envirotest Partners v. PennDOT,* 664 A.2d 208, 211 (Pa. Commw. 1995) (citing *Meier v. Maleski,* 167 Pa. Commw. 458, 648 A.2d 595 (1994)). Preliminary objections should be sustained only in those instances where it appears with certainty that the law would not permit recovery. *Id.*

Pa.R.C.P. 1028 permits preliminary objections based on insufficient specificity in a pleading. Pa.R.C.P. 1028(a)(3). Pa.R.C.P. 1019 provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). The purpose of Rule 1019 is to give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests so that the defendant can prepare an adequate defense. *Lerner v. Lerner,* 954 A.2d 1229, 1235-36 (Pa. Super. 2008). "[T]he complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense." *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission,* 950 A.2d 1120, 1134 (Pa. Commw. 2008). In determining whether an allegation is sufficiently specific, the allegation must be read in the context of the rest of the complaint. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission,* 950 A.2d 1120, 1134 (Pa. Commw. 2008).

Initially, the court finds that plaintiffs' complaint exhibits sufficient specificity to provide notice of their claims. Defendant argues that paragraph 10(b) of the complaint is insufficiently specific because it does not

provide notice of the alleged injury. An examination of the complaint reveals that paragraph 10(b) identifies the alleged injury as a "damaged vertebral disc[.]" Pl.'s comp. ¶10(b). Although a specific treatment is not indicated, the complaint sufficiently apprises defendant of the nature of the injury. Therefore, defendant's preliminary objection asserting insufficient specificity in a pleading is overruled.

The remaining issue to be decided is whether the court lacks subject matter jurisdiction over this dispute due to the immunity from common law liability afforded employers under the Pennsylvania Workers' Compensation Act. Section 481 of the Act states:

"The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108." 77 P.S. §481(a).

Therefore, the court's jurisdiction over this matter depends on whether defendant is Mrs. Lyles' employer for purposes of the Act. As a general rule, a parent corporation and its subsidiary are to be regarded as separate entities under the Act. *Mohan v. Publicker Industries Inc.*, 422 Pa. 588, 592, 222 A.2d 876, 879 (1966). Whether the employer is the parent corporation or the subsidiary is a legal question which is to be determined based on the facts of each particular case. *Kiehl v. Action Manufacturing Company,* 517 Pa. 183, 187, 535 A.2d 571, 572 (1987). An entity is an employer if it maintains control over the work to be done by an employee and the manner of doing it. *Venezia v. Philadelphia Electric*

*Company,* 317 Pa. 557, 177 A. 25 (1935). Where a parent-subsidiary relationship is established the questions of which corporation has control over an employee is determined by focusing on the functions performed by each corporation and by the employee in addition to other indicia of control. *Mohan,* 422 Pa. at 593, 222 A.2d at 879. For example, in *Kiehl,* our Supreme Court found that the parent corporation was not entitled to immunity under the Act from a third-party trespass suit brought by employees of the wholly-owned subsidiary corporation where the employees reported to work at the subsidiary, operated machinery listed as assets of the subsidiary, and produced detonators for the subsidiary. *Kiehl,* 517 Pa. at 189-90, 535 A.2d at 574. In reaching its conclusion, the court stated that a corporation will be deemed the employer "where the employee is shown to have acted in furtherance of one, or *essentially* one of the corporations[.]" *Id.* (citing *Mohan,* 422 Pa. at 593, 222 A.2d at 879). (emphasis in original)

In the case sub judice, Mrs. Lyles reported to work at The Huntington National Bank, a wholly-owned subsidiary of defendant. Her report of occupational injury identifies her employer as The Huntington National Bank, and she filed her workers' compensation claim with The Huntington National Bank. Def.'s exhibit B. Her W-2 forms list her employer as The Huntington Kentucky LLC, also a wholly owned subsidiary of defendant. Pl.'s exhibit A. Nothing has been alleged indicating that defendant acted as Mrs. Lyles' employer. It also does not appear that defendant exercised sufficient control over the work of Mrs. Lyles to render defendant her employer. At this time, the court is unable to conclude that

defendant is the employer of Mrs. Lyles. Therefore, defendant is not entitled to immunity from suit under the Workers' Compensation Act, and defendant's preliminary objection alleging lack of subject matter jurisdiction is overruled.

## ORDER

And now, July 13, 2010, the court having held oral argument on June 28, 2010 regarding defendant's preliminary objections to plaintiffs' complaint, with Douglas J. Olcott, Esquire, appearing and representing the plaintiffs, and Thomas E. Zumpella, Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

(1) Defendant's preliminary objections are hereby overruled pursuant to the attached opinion.

(2) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.