NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1196
_____

CRYSTAL GRIMSLEY,
Individually & as Administratrix of the Estate of
Rickie L. Grimsley, Deceased,
                                        Appellant

v.

THE MANITOWOC COMPANY, INC;
MANITOWOC CRANE COMPANIES LLC;
MANITOWOC CRANES LLC;
GROVE US, LLC; KYLE MELLOTT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-15-cv-01275)
District Judge: The Honorable William W. Caldwell

Argued December 19, 2016

Before: SMITH, *Chief Judge,* McKEE, and SHWARTZ, *Circuit Judges*

(Filed: January 10, 2017)


Robert F. Englert                **[ARGUED]**
RFE Law Firm
105 Rutgers Avenue
P.O. Box 249
Swarthmore, PA  19081
        *Counsel for Appellant*

James DeCinti
John T. Pion
Pion Nerone Girman Winslow & Smith
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA  15222

Stephanie L. Hersperger               **[ARGUED]**
Pion Nerone Girman Winslow & Smith
240 North 3rd Street
Payne Shoemaker Building, 10th Floor
Harrisburg, PA  17101
         *Counsel for Appellee*

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge.*

Plaintiff Crystal Grimsley brings suit individually and as the executrix of the estate of her late husband, Rickie L. Grimsley, who passed away in a crane-related accident at work. Named as defendants are several business entities and the crane's operator, Kyle Mellott.

On October 29, 2015, the District Court dismissed plaintiff's Complaint with prejudice for two reasons. First, the District Court determined that one of the entities, Grove, U.S., LLC ("Grove"), employed the decedent at the time of the accident, and is therefore entitled to immunity under the Pennsylvania Workers' Compensation Act, 77 P.S. § 481(a). Second, it extended that immunity to Grove's parent companies (collectively, the "Manitowoc entities").[1] The District Court determined that plaintiff sought to pierce the corporate veil against those entities in order to circumvent the employer-immunity statute and hold them liable for Grove's conduct. Finally, the District Court dismissed the claim against Mellott on the ground that Mellott and the decedent were co-employees. Plaintiff filed a motion for reconsideration, which the District Court denied on January 4, 2016.

This timely appeal followed.[2] We exercise plenary review, applying the same

---

[1] According to the Complaint, the entities named as defendants form a chain of ownership: Grove is owned by Manitowoc Cranes, LLC, which is owned by Manitowoc Crane Companies, LLC, which is owned by The Manitowoc Company, Inc.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

standard as the District Court. *N.Y. Shipping Ass'n Inc. v. Waterfront Comm'n of N.Y. Harbor*, 835 F.3d 344, 352 (3d Cir. 2016). For the following reasons, we will reverse and remand for further proceedings.

I

We begin with the District Court's determination that Grove is entitled to immunity from suit under Pennsylvania law because it employed the decedent. We will reverse because the Complaint does not plead sufficient facts to establish an employment relationship as a matter of law.

A

The Pennsylvania Workers' Compensation Act provides that: "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, . . . or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death . . . ." 77 P.S. § 481(a). This so-called exclusivity provision "bar[s] actions at common law against an employer." *Kline v. Arden H. Verner Co.*, 469 A.2d 158, 161 (Pa. 1983).

Under Pennsylvania law, the employment relationship is fact-intensive and not easily resolved at the pleadings stage. *See JFC Temps, Inc. v. W.C.A.B.*, 680 A.2d 862, 864 (Pa. 1996) ("[The] employer-employee relationship . . . is . . . based upon findings of fact."). The question is which entity "possess[es] the right to control the manner of the performance of the servant's work . . . ." *Id.*

The Supreme Court of Pennsylvania has recognized that corporate parent-subsidiary relationships pose special challenges in this context:

4

> [I]n a situation wherein the issue is which of two corporations, one of which is a wholly-owned subsidiary of the other, is the employer of an injured employee, the problem of determining the question of control can properly be resolved only by a consideration of the functions performed by every interested party—each corporation and the injured employee—in addition to other indicia of control.

*Mohan v. Publicker Indus., Inc.*, 222 A.2d 876, 879 (Pa. 1966). We have interpreted *Mohan* as requiring two steps: First, we apply a "functional" analysis. Second, if that analysis is inconclusive, we turn to other indicia of control. *Joyce v. Super Fresh Food Mkts., Inc.*, 815 F.2d 943, 946–47 (3d Cir. 1987).

Functional analysis "focus[es] on the functions performed by each corporation and by the employee." *Mohan*, 222 A.2d at 879. "If the corporate functions are distinct and . . . the employee is shown to have acted in furtherance of the functions of only one, . . . then that corporation will be deemed his employer." *Id.* In *Mohan*, for example, the decedent received paychecks from the parent company, but worked at a plant owned by a subsidiary, making products sold by the subsidiary. *See id.* at 878–79. The Supreme Court of Pennsylvania concluded that the subsidiary was the employer "without regard to any other indicia of control." *Joyce*, 815 F.2d at 946.

But the entities will not always have distinct functions. *See Mohan*, 222 A.2d at 879. Where functional analysis "does not provide a clear-cut answer," it is appropriate to "turn to other indicia of the right to control." *Joyce*, 815 F.2d at 946–47. Other indicia of control include "which party has the right to hire and the right to fire, which party has the obligation to pay wages, which party supplies the employee with the tools of her job, and to which party the employee normally reports." *Id.* at 947 (citations omitted).

5

B

In this case, the District Court correctly determined that the Complaint "does not shed much light, if any, on Grimsley's functions as an employee at the Facility or the distinct functions of each corporate defendant." A009. But the District Court erred when it concluded that "the allegations in the complaint suggest the existence of an employer / employee relationship between Grove and Grimsley on the date of the incident." A010.

The few indicia of control pled in the Complaint are insufficient to establish immunity as a matter of law at this early stage. The only indicia that favor Grove—the 2013 W-2 form and payroll checks—suggest that Grove paid the decedent's salary. Yet it is well established under Pennsylvania law that payment of salary alone is not sufficient to establish an employer-employee relationship. *See, e.g.*, *Joyce*, 815 F.2d at 948 ("[T]he fact that [a company] managed payroll is not at all probative . . . ."); *JFC Temps, Inc.*, 680 A.2d at 864 ("The payment of wages may be considered, but is not a determinative factor."); *Mohan*, 222 A.2d at 878 (finding that it was "clear" that the entity issuing an employee's checks was not his employer); *Venezia v. Phila. Elec. Co.*, 177 A. 25, 26 (Pa. 1935) ("The payment of wages is not a decisive factor . . . and one may be the servant and employee of another, though hired and paid by a third person."). Discovery may reveal that Grimsley's functions aligned with one entity in particular, rendering the W-2 form and payroll checks irrelevant to the analysis. *See Mohan*, 222 A.2d at 878–79.

Defendants also rely on the fact that the Occupational Safety and Health Administration ("OSHA") identified Grove as the decedent's employer. We fail to understand why we should accord that finding any consideration. Defendants have not

6

argued that OSHA's finding is preclusive in this litigation or that OSHA relied on factors coextensive with Pennsylvania law. Without peering outside the Complaint, there is no apparent link between OSHA's conclusion and any indicium of control recognized by Pennsylvania courts.

In sum, the District Court determined that Grove employed the decedent based on a factor that is not determinative. Even if select facts "*suggest* that Grove was Grimsley's employer at the time of the incident," A010 (emphasis added), those facts do not establish that Grove is subject to dismissal as a matter of law. Accordingly, we conclude that the District Court erred in according immunity to Grove and will remand for further proceedings.[3]

## II

The District Court also concluded that Grove's immunity extends to the Manitowoc entities. Having concluded that Grove is not immune from suit, we need not reach that issue.[4] Nonetheless, we write to clarify the nature of the claims that remain in the case.

The District Court's analysis proceeded in two steps. First, it determined that plaintiff solely sought relief against the Manitowoc entities on an "alter-ego" (veil-piercing) theory. That is, the District Court read the Complaint as solely alleging that The Manitowoc Company, Inc., through its chain of subsidiaries, dominated and controlled

---

[3] The District Court may, in its discretion, order limited discovery on the issue of the employer's identity. *See* Fed. R. Civ. P. 26(d)(1).

[4] We will also reinstate the claim against Mellott because it is premature to conclude that Mellott and the decedent were co-employees.

7

Grove. Second, the District Court predicted that the Supreme Court of Pennsylvania would recognize immunity under this circumstance. It viewed plaintiff's alter-ego claim as an attempt to circumvent Grove's immunity and hold the Manitowoc entities liable for conduct that would otherwise be immune from suit. Plaintiff responds that she did not sue the Manitowoc entities on an alter-ego theory, and that the District Court's novel and unsupported prediction of state law is, in effect, "reverse" veil-piercing in violation of *Kiehl v. Action Manufacturing Co.*, 535 A.2d 571 (Pa. 1987). We conclude that the District Court incorrectly characterized plaintiff's claims. We therefore need not address whether the rule adopted by the District Court violates *Kiehl*.

Pennsylvania law distinguishes between claims based on direct participation in a tort and actions performed behind the veil of a sham corporation. "Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego . . . ." *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 89–90 (Pa. 1983).

A fair reading of the Complaint discloses that plaintiff sued the Manitowoc entities on a direct participation theory. In particular, plaintiff pled: "At all times relevant hereto, Manitowoc was responsible for and/or assumed responsibility for the safety and security of the property, premises, and crane manufacturing facility . . . ." Compl. ¶ 27. Plaintiff also pled that The Manitowoc Company, Inc. directly employed Kyle Mellott, the crane operator who allegedly caused the accident. Additionally, the Complaint enumerates separate Counts for each entity. Those Counts allege that the entities are liable for individual acts or omissions.

8

To be sure, plaintiff pled that Manitowoc "dominated and controlled" Grove. Compl. ¶ 22. But there is no reason to disregard the parts of the Complaint that seek relief on a participation theory because plaintiff also pled facts that sound in veil-piercing. *See* Fed. R. Civ. P. 8(d)(2)–(3) (providing for alternative and inconsistent pleadings); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014) ("[T]he . . . complaint must be read as a whole, and its averments and the inferences reasonably drawn from those averments must be viewed in the light most favorable to the plaintiff."). Moreover, plaintiff is the master of her Complaint, and has repeatedly insisted—in the District Court and here—that she will not pursue an alter-ego theory. Based on those representations, plaintiff should simply be estopped from making a veil-piercing argument in any further proceeding. *See generally MD Mall Assocs., LLC v. CSX Transp., Inc.*, 715 F.3d 479, 486 (3d Cir. 2013), *as amended* (May 30, 2013).

## III

For the foregoing reasons, we will vacate the orders and remand for further proceedings consistent with this opinion.